UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| JOHN P. CATTANO, ) | |
| ) | Case No. 12-62294 |
| Debtor. ) | |

**ORDER GRANTING**
**MOTION FOR EXAMINATIONS PURSUANT TO RULE 2004**
**(John P. Cattano and Cattano Law Group, P.C.)**

The matter comes before the Court on the Motion for Examinations Pursuant to Rule 2004 (John P. Cattano and Cattano Law Group, P.C.) filed on December 14, 2012, by Caroline V. Davis, f/k/a Caroline D. Bragg, on behalf of herself and the Cattano Law Firm, P.C. (the "Motion"). It appearing proper to do so and with the consent of the parties, it is

**ORDERED**

that the Motion is GRANTED and, unless the parties otherwise agree (a) the Debtor (John Peter Cattano) and Cattano Law Group, P.C. ("CLG") shall appear on January 3, 2013, at 9:30 a.m. in the law office of Lenhart Obenshain, PC in Charlottesville, Virginia ((100 10th Street, N.E., Suite 300, Charlottesville, VA) to be examined under oath pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and (b) the Debtor and CLG shall produce the documents listed on **Schedule A** of this Order at the office of the undersigned counsel for Mrs. Davis on or before December 27, 2012.

The Clerk shall send a copy of this Order to all registered users of the CM/ECF System that have appeared in this case and counsel for Mrs. Smith shall serve a copy on counsel for the Debtor.

1

ENTER:  12/18/12

_____
United States Bankruptcy Judge

I ASK FOR THIS:

/s/ Neil E. McCullagh
Neil E. McCullagh, Esquire (VSB No. 39027
Jennifer J. West, Esquire (VSB No. 47522)
James K. Donaldson, Esquire (VSB No. 80307)
411 East Franklin Street; Suite 600
Richmond, Virginia 23219
Telephone:  (804) 697-2036
Facsimile: (804) 697-2136
Counsel for Caroline V. Davis, f/k/a Caroline D. Bragg,
on behalf of herself and the Cattano Law Firm, P.C.


SEEN AND AGREED:

 /s/ W. Stephen Scott, by Neil McCullagh, w/ authorization by email
W. Stephen Scott, Esquire
SCOTT | KRONER, PLC.
418 East Water Street
P.O. Box 2737
Charlottesville, VA 22902
wscott@scottkroner.com
(434) 296-2161 Office
(434) 293-2073 Fax
Counsel for the Debtor

2

## SCHEDULE A

**From John Peter Cattano (herein "Mr. Cattano") and/or Cattano Law Group, P.C. (herein "CLG"), please produce the following:**

1. Any written agreement between Mr. Cattano and CVL relating to* the terms of his employment, including but not limited to his compensation;

2. Any document* containing some or all of the terms of Mr. Cattano's employment with CVL, including but not limited to his compensation;

3. Any document reflecting communications Mr. Cattano had with Christopher Smith or* other persons* relating to the terms of Mr. Cattano's employment with CVL, including but not limited to his compensation;

4. Any document reflecting communications Mr. Cattano had with Christopher Smith or other persons concerning bonuses received or to be received by Mr. Cattano from CVL;

5. Documents sufficient to show all transfers of money or property to Mr. Cattano by or on behalf of CVL and the basis for each such transfer (such documents can include pay stubs, copies of checks, wire transfer receipts, bank statements with the transfers highlighted, reimbursement requests issued to CVL, etc.);

6. Documents sufficient to show the amount of money Mr. Cattano and his spouse spent, or incurred in debt, for each of the following during the six (6) months preceding the filing of his Chapter 7 petition:

    a. food (he claims $2k per month in his schedules);

    b. transportation (not including car payments) (he claims $400 per month in his schedules)

    c. recreation (he claims $400 per month in his schedules);

    d. "Credit cards – Wife" (he claims $2,500 per month in his schedules); and

    e. charitable contributions (he claims $1k per month in his schedules).

7. The credit card statements of Mr. Cattano and his spouse for the one (1) year preceding the filing of his Chapter 7 petition;

8. Mr. Cattano's bank statements (including bank statements reflecting money belonging to Mr. Cattano, even if the account is not in his name) for the two (2) years preceding the filing of his Chapter 7 petition;

3

9. All documents relating to Mr. Cattano's indebtedness to the Currituck Club referenced in his bankruptcy schedules, including but not limited to written agreements and invoices;

10. All documents pursuant to which Mr. Cattano is legally responsible for the student loan listed in his bankruptcy schedules;

11. All written communications between Mr. Cattano and/or his spouse with The Bank of Hampton Roads/Gateway or any other person else during the one (1) year preceding the filing of the Chapter 7 petition relating to either or both of the Cattanos' lots in Currituck County, North Carolina, and/or the loan(s) secured thereby;

12. CLG's articles of incorporation, bylaws, and minute book;

13. CLG's written contracts and leases (including, without limitation, office leases and equipment leases), both past and present;

14. CLG's written liabilities (including, without limitation, promissory notes), both past and present;

15. CLG's bank statements, both past and present;

16. CLG's federal and state tax returns, including all schedules and attachments, both past and present;

17. CLG's internal financial statements, including balance sheets, profit & loss statements, statements of retained earnings, and cash flow statements, both past and present;

18. All financial statements, summaries of assets and debts, or applications for credit that CLG has provided to anyone;

19. All documents reflecting the disposition of some or all of CLG's assets (including but not limited to accounts receivable and work-in-process) in connection with its dissolution and/or termination;

20. All documents reflecting the disposition of some or all of CLG's liabilities in connection with its dissolution and/or termination;

21. All documents by which clients of CLG authorized or approved the transfer of their file(s) to CVL or any other law firm (redacted as necessary to protect client identity);

22. All correspondence sent to clients of CLG advising them that CLG is changing its name and/or that CVL will be handling their matter(s) going forward (redacted as necessary to protect client identity);

23. All advertisements and website content used by CLG;

24. A list of all people who were at any time employed by CLG (or alternatively all W-2 tax statements issued to employees of CLG, with social security numbers and compensation figures redacted);

25. Any written agreement between Mr. Cattano and CLG relating to the terms of his employment, including but not limited to his compensation;

26. Any document containing some or all of the terms of Mr. Cattano's employment with CLG, including but not limited to his compensation;

27. Mr. Cattano's business cards with CLG and CVL;

28. All documents that evidence (a) the loan from Mr. Cattano to CVL that Mr. Cattano testified to at his section 341 creditors meeting on November 26, 2012, as well as (b) the terms of that loan, and (c) the repayment of that loan; and

29. A summary of the accounts receivable and work-in-process of Cattano Law Firm, P.C. that were transferred to either Mr. Cattano or CLG in connection with the cessation of the operation of Cattano Law Firm, P.C.

\* Herein (a) **"document" or "documents"** means drafts, revisions, and non-duplicative copies of any written, typed, printed, recorded, magnetic, computer, electronic, graphic or other form of memorialization or communication and also specifically including all internal memoranda; (b) **"persons" or "person"** means any and all entities, including without limitation individuals, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies or governmental entities; (c) **"relating to"** means connected with, regarding, discussing, referring to, or in any way pertaining to; and (d) **"and"** shall mean "or" and **"or"** shall mean "and" as necessary to call for the broadest possible answer.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of December 2012, I caused a copy of the foregoing Order Granting Motion for Rule 2004 Examination to be served by CM/ECF and/or by first class, U.S. mail postage prepaid on the following persons, constituting all necessary persons:

William F. Schneider, Trustee
P.O. Box 739
Lynchburg, VA 24505

Office of the United States Trustee
210 First Street, Suite 505
Roanoke, VA 24011

                                                    /s/ Neil E. McCullagh