## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | | |
|---|---|---|
| *In re*: | ) | |
| | ) | Chapter 7 |
| John Peter Cattano, | ) | |
| *Debtor.* | ) | Case No. 12-62294 |
| | ) | |
| Caroline V. Davis f/k/a Caroline D. Bragg, | ) | |
| Individually and on behalf of Cattano Law Firm, | ) | |
| P.C. and all of its Shareholders, | ) | |
| Plaintiff, | ) | |
| v. | ) | APN: _____ |
| John Peter Cattano, | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT
## TO DETERMINE DISCHARGEABILITY OF DEBTS

Caroline V. Davis ("Mrs. Davis"), f/k/a Caroline D. Bragg, individually and on behalf of

Cattano Law Firm, P.C. and all of its shareholders (collectively, Cattano Law Firm, P.C. and all

of its Shareholders are the "Firm"; collectively, Mrs. Davis and the Firm are the "Plaintiffs"),

files this Complaint to Determine Dischargeability of Debts pursuant to 11 U.S.C. § 523 and

Rules 4004 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Complaint").    In

support thereof, Plaintiffs state as follows:

Neil E. McCullagh, Esq. (VSB No. 39027)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
*Counsel for Plaintiffs*

## I. PRELIMINARY STATEMENT

1.    Plaintiffs initiated this adversary proceeding seeking an Order from the Court declaring that debts John Peter Cattano (the "Debtor") owes to Mrs. Davis and to the Firm are nondischargeable pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(6).

2.    The Debtor is liable to the Firm in the amount of $234,412.18, together with post-judgment interest, as a result of a judgment in the Firm's favor against the Debtor for conversion.

3.    The Firm is liable to Mrs. Davis in the amount of $289,228.71, pursuant to Virginia Code § 13.1-672.5(1) and as a result of a judgment in Mrs. Davis's favor against the Firm for her expenses incurred in obtaining the Firm's judgment against the Debtor for conversion.  The Debtor is liable to the Firm for his breaches of fiduciary duty that resulted in that debt to Mrs. Davis of $289,228.71.

4.    Further, as a creditor of the Firm, Mrs. Davis seeks to pierce the corporate veil of the Firm and hold the Debtor directly liable for the Firm's debt in the amount of $289,228.71, due to the Debtor's willful and malicious fraudulent conduct while in control of the Firm.

## II. JURISDICTION AND VENUE

5.    This adversary proceeding, under 11 U.S.C. § 523, is a "core" proceeding pursuant to 28 U.S.C. 157(b)(2)(i).  The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

6.    Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. PARTIES

7.    The Debtor is an individual who resides in Albemarle County, Virginia. On October 5, 2012 (the "Petition Date"), the Debtor commenced the above-captioned bankruptcy case by filing a voluntary petition seeking relief pursuant to Chapter 7 of Title 11 of the United

States Code (the "Code").

8.     Mrs. Davis is an individual, now residing in the City of Richmond, Virginia, and at all relevant times was a director and shareholder of the Firm.

9.     On or about August 9, 2007, Mrs. Davis and the Debtor created and incorporated the Firm under Virginia law and registered the Firm with the Virginia State Corporation Commission (the "SCC").  The Firm's primary business purpose, carried out through Mrs. Davis and the Debtor, was the practice of law.

10.    On or about December 31, 2008, the SCC terminated the Firm's existence due to the Firm's failure to file with the SCC its annual report and pay to the SCC its annual fees.

11.    Mrs. Davis, as a director of the Firm and pursuant to Virginia Code § 13.1-752(C), is a trustee in liquidation for the Firm, charged with collecting the assets of the Firm, liquidating its assets, and discharging the Firm's debts and obligations.

## IV. DERIVATIVE STANDING

12.    This Complaint is a derivative action pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, made applicable hereto through Rule 7023.1 of the Federal Rules of Bankruptcy Procedure.  Mrs. Davis meets the prerequisites of Rule 7023.1 to file derivatively this action on the Firm's behalf.

13.    At all relevant times, during which the facts giving rise to the claims and causes of action alleged herein, Mrs. Davis was a shareholder of the Firm.

14.    This action is not a collusive action seeking to confer jurisdiction on the Court when the Court would otherwise lack jurisdiction.

15.    Mrs. Davis has not otherwise attempted or made demand on the other shareholders of the Firm—the Debtor being the one and only other shareholder—because to do

so would be futile, as evidenced by the Debtor's prepetition conduct, discussed below. Further, the Circuit Court for the County of Albemarle, Virginia has deemed Mrs. Davis a fair and adequate representative of the Firm.

16.     These allegations are verified and set forth in the accompanying affidavit to this Complaint. (**Exhibit A**, attached hereto.) Therefore, Mrs. Davis is a fair and adequate representative of the Firm in this action and has standing to prosecute this action pursuant to Rule 7023.1.

## V. FACTS

17.     On January 12, 2011, the Circuit Court for the County of Albemarle, Virginia (the "Circuit Court") entered a Final Judgment Order (the "Judgment Order"; **Exhibit B**, attached hereto) in the matter styled Caroline D. Bragg, Individually and on behalf of The Cattano Law Firm, P.C. and all of its Shareholders, Plaintiff v. The Cattano Law Firm, P.C., a Virginia corporation and John P. Cattano, Defendants, Case No. CL08002570-00 (the "Lawsuit").

18.     The Judgment Order, upon a jury verdict, held that the Debtor was liable to the Firm for conversion in the amount of $234,412.18, together with post-judgment interest running from January 25, 2010 until paid (the "Conversion Debt"). (**Ex. B**, at 4.)

19.     The Judgment Order held that the Firm was liable to Mrs. Davis in the amount of $269,813.00 for Mrs. Davis's reasonable attorneys' fees, together with reasonable costs and expenses in the amount of $19,415.71, for a total of $289,228.71 (the "Fee Debt"), to which Mrs. Davis was held to be entitled pursuant to Virginia Code § 13.1-672.5(1) for having conferred a substantial benefit on the Firm and Virginia Code § 13.1-773(C). (**Ex. B**, at 2-3, 5.)

20.     The Judgment Order held that (i) the Firm shall pay to Mrs. Davis the award of attorneys' fees, costs, and expenses; and (ii) Mrs. Davis shall be paid the judgments, fees, and

expenses awarded under the Judgment Order *before* the Firm shall pay any sums to the Debtor or

other creditors of the Firm.  (**Ex. B**, at 4.)

## A. The Firm's History & The Debtor's Misconduct

21.    Mrs. Davis and the Debtor incorporated the Firm on or about August 9, 2007, for

the purpose of practicing law together.  Mrs. Davis and the Debtor were the sole shareholders

and directors of the Firm.  Mrs. Davis believed that she and the Debtor were equal shareholders.

22.    In connection with their incorporation of the Firm, Mrs. Davis and the Debtor

agreed that (a) the Firm would pay each of them equal monthly draws, and (b) the Firm would

pay an equal distribution to each shareholder at the end of each fiscal year.

23.    Mrs. Davis and the Debtor received equal monthly draws, and they received equal

year-end distributions at the end of 2007.

24.    In May 2008, Mrs. Davis reviewed the Firm's operating account ledger and

discovered that, over many months, the Debtor misappropriated the Firm's funds by writing

numerous checks to himself over and above the equal monthly draws and the year-end

distribution for 2007.

25.    The Debtor wrote many unauthorized checks made payable to the Debtor's adult

children, none of whom worked for the Firm, as well as payments made to certain businesses that

were wholly unrelated to the Firm's business (*e.g.*, Cigar Aficionado, Victoria's Secret, Bath &

Body Works, and Jos. A. Bank).

26.    These unauthorized checks totaled, upon information and belief, at least $328,000

(the "Initial Misappropriations").

27.    Mrs. Davis had no prior knowledge of the Initial Misappropriations and never

agreed to or authorized them.

28.    Mrs. Davis confronted the Debtor about the Initial Misappropriations.    The Debtor initially feigned surprise and ignorance.

29.    But after repeated questioning, the Debtor conceded that he was having personal financial problems and had made some "mistakes" in handling the Firm's assets.    The Debtor admitted that he had withdrawn thousands of dollars from the Firm to pay for college tuition and rent for his children, as well as plastic-surgery procedures for his spouse, but that he'd characterized these as a "business expense" of the Firm.

30.    The Debtor agreed not to misappropriate any more Firm money.

31.    Mrs. Davis was also concerned about the tax consequences of so much money having been subject to dishonest accounting, and so she and the Debtor also agreed that the Firm would retain a certified public accountant to provide an accounting that would explain the tax consequences and how much had to be paid to Mrs. Davis to equalize their draws and distributions from the Firm (the "Accounting").

32.    The Debtor also assured Mrs. Davis that he would repay the money owed to the Firm and would produce documentation for the Firm's legitimate "expenses," its checking account statements, ledgers, and records.

33.    The Debtor asked for additional time to provide Mrs. Davis with this information because he was having difficulty locating all of the Firm's financial records, which he maintained in his home.

34.    The Debtor never followed through.    He neither repaid the money owed to the Firm nor produced the financial records.

**B. Mrs. Davis Brings The Baker Fee to the Firm**

35.    Mrs. Davis and the Debtor expected that the Firm would receive a substantial fee from a personal-injury case during the summer of 2008 - the "Baker Fee".

36.    Mrs. Davis and the Debtor agreed that the Baker Fee, upon receipt, would be held in the Firm's trust account and would not be disbursed from the trust account until the Accounting was complete and they reached an agreement as to how the money should be disbursed.

37.    In August 2008, the Firm received the Baker Fee, which was in the gross amount of $250,000 (one-third of a $750,000 settlement) but reduced to $234,412.18 after payment of expenses incurred in the case.

38.    Mrs. Davis represented the plaintiff, Mr. Robert Baker, in the personal-injury case that generated the Baker Fee. Mr. Baker had left his previous attorney so that Mrs. Davis could represent him, and she did all, or substantially all, of the work on his case.

39.    Mrs. Davis was working on the Baker case prior to her agreement with the Debtor to create the Firm, and Mrs. Davis and the Debtor had discussed the fact that Mr. Baker was her client and that if, as she was considering, she joined another law firm instead of creating the Firm with the Debtor, the case would go with her.

40.    The prospect of having Mr. Baker's case in the Firm was a significant incentive for the Debtor to create the Firm with Mrs. Davis. Likewise, the prospect of being a co-owner of a law firm was a significant incentive for Mrs. Davis to create the Firm with the Debtor, as opposed to joining another firm.

**C. The Debtor Refuses To Rectify His Misconduct & Evades Mrs. Davis**

41.    The issue of the Initial Misappropriations and the need to complete the

7

Accounting festered throughout the summer and early fall of 2008.

42.    On or about September 29, 2008, the Debtor compounded matters by withdrawing the Baker Fee, $234,412.18, from the Firm's trust account and depositing it into the Firm's operating account, over which the Debtor alone had signatory authority.

43.    The Debtor's withdrawal of the Baker Fee from the trust account violated his agreements with Mrs. Davis and his fiduciary duties to the Firm.

44.    Mrs. Davis demanded the return of the Baker Fee to the trust account, but the Debtor refused.

45.    On October 7, 2008, Mrs. Davis sent the Debtor a letter pursuant to Virginia Code § 13.1-771 requesting copies of the Firm's corporate books and records.  (**Exhibit E**, attached hereto.)

46.    On October 8, 2008, the Debtor responded with a letter in which he inaccurately described himself as the Firm's President, purported to terminate her employment, and denied her requests for the Firm's books and records.  (**Exhibit F**, attached hereto.)

47.    The Debtor's letter also included a "Notice of Special Meeting of Shareholders" that stated there would be a meeting of shareholders on October 21, 2008, for the purpose of voting to remove Mrs. Davis as a director of the Firm and to elect the Debtor as the Firm's sole director.  (**Ex. F**, at 3.)

48.    At the shareholder's meeting on October 21, 2008, the Debtor disregarded Mrs. Davis's votes and elected himself as the sole director of the Firm.

49.    On October 23, 2008, the Debtor absconded with $175,000 of the Baker Fee.

50.    On October 28, 2008, he used $100,000 of that money to make a payment on his home-equity line loan, and upon information and belief he promptly spent the other $75,000 on

other personal expenses.

51.     On or about October 29, 2008, the Debtor established and began to operate Cattano Law Group, P.C. ("CLG").

52.     The only difference between CLG and the Firm was that Mrs. Davis was not a shareholder in CLG.  In every other material respect CLG and the Firm were identical, and the Debtor funneled almost all of the proceeds of the Firm's outstanding accounts receivable and work-in-process in the amount of $196,100 (the "Firm's A/R and WIP Proceeds") to CLG.

**D. The Lawsuit**

53.     On October 24, 2008, Mrs. Davis commenced the Lawsuit, and she filed her Amended Complaint (the "Amended Complaint") in June 2009.  (**Exhibit C**, attached hereto.)

54.     The Amended Complaint contains, in relevant part, (a) as Count I ("Writ of Mandamus Count"), the entry of an order requiring the Firm to turn over its books records and requiring the Firm to pay her attorney fees, and (b) as Count III (the "Conversion Count"), derivatively on behalf of the Firm, the entry of an order requiring the Debtor to repay to the Firm all funds he had unlawfully converted, including but not limited to the Initial Misappropriations, the Baker Fee, and the Firm's A/R and WIP Proceeds, and requiring the Firm to pay her attorney fees.  (**Ex. C**, at 8-10.)

55.     On July 22, 2009, the Debtor filed, for himself and on the Firm's behalf, a Demurrer and Answer to Amended Complaint (the "Responsive Pleadings").  (**Exhibit D**, attached hereto.)  The Debtor stated in the Responsive Pleadings that "[i]t is further denied that the plaintiff is a shareholder and director of the [Firm]".  (**Ex. D**, at 5, ¶3; 9, ¶ 24.)

56.     Throughout the Lawsuit, the Debtor maintained that Mrs. Davis was not a shareholder of the Firm.  This was a pivotal issue that precipitated many of the motions,

hearings, attorney's fees, and costs, including the appointment of the Receiver, that were part of the Lawsuit.

57.     The Debtor denied Mrs. Davis's status as a shareholder in order to justify his refusal to allow her to have access to the Firm's books and records.  The Debtor refused to grant her access because he wanted to continue hiding his misappropriations of the Firm's funds.

58.     Finally, just before trial, the Debtor admitted in a deposition that he knew all along that Mrs. Davis was a shareholder.

59.     Nonetheless, he continued to argue that she was not a shareholder throughout the three-day jury trial in January 2010.

60.     The Writ of Mandamus Count was not sent to the jury for decision because the State Court ruled that the effect of that count had already been accomplished by the production of documents to the Receiver.

61.     On the Conversion Count, the jury stated on its verdict form, which is an attachment to the Judgment Order, that "[w]e find for the Plaintiff [i.e., Mrs. Davis] on the issue of conversion, brought on behalf of the Cattano Law Firm, P.C., and award damages to the Cattano Law Firm, P.C. in the amount of $234,412.18 (of which $64,111.77 – or 27.35%) goes to C. Davis [i.e., Mrs. Davis]." (**Ex. B**, at 13, Verdict Form.)

62.     Upon information and belief, the jury instructions for the Lawsuit defined "conversion" as the "<u>wrongful</u> taking of the personal or assets of another, including a corporation, in such a way as to deprive the owner of the property of possession of the property." (**Exhibit G**, attached hereto, Instruction No. 29, emphasis added)

63.     Mrs. Davis's requests for attorney fees in both the Writ of Mandamus Count and the Conversion Count were not sent to the jury for decision.  Rather, the State Court held a bench

hearing on that issue on December 28, 2010. At the end of that hearing the State Court ruled orally in Mrs. Davis's favor.

64. In addition to awarding the Firm judgment on the Conversion Count as noted above, the Judgment Order, entered January 12, 2011, states as follows with respect to Mrs. Davis's request for attorney fees:

> In connection with Plaintiff's claim for attorney's fees, the Court Finds, pursuant to § 13.1-773(c), that the Law Firm, <u>through its authorized agent, Cattano [i.e., the Debtor]</u>, refused Plaintiff's request for inspection of records without a reasonable basis for doubt about Plaintiff's right to inspect the records demanded, thus necessitating this litigation, the appointment of a Receiver pursuant to § 13.1-748, and numerous discovery and procedural motions, <u>even though Cattano later acknowledged under oath that Plaintiff is a shareholder and director of the Law Firm. The Court further FINDS that the attorney's fees incurred in connection with Count I were necessary and reasonable, and were inextricably intertwined with the attorney's fees incurred in connection with the derivative proceeding.</u>

(**Ex. B**, at 3; emphasis added)

65. The Debtor appealed to the Virginia Supreme Court, asserting (i) that Mrs. Davis did not have standing to pursue derivative claims on the Firm's behalf; and (ii) challenging the award of attorneys' fees in the Judgment Order.

66. On April 20, 2012, the Virginia Supreme Court affirmed the Judgment Order, concluding that there was no error. <u>Cattano v. Bragg</u>, 283 Va. 638 (Va. 2012).

**E. The Debtor Abused The Corporate Form**

67. By no later than late 2007, the Debtor had begun to abuse both (i) his position with the Firm and (ii) his access to the Firm's accounts, books, and records.

68. No later than October 2008, the Debtor's abuse and domination of the Firm rendered the Firm, as a corporate entity, a mere sham, and, instead, the Firm became the alter ego of the Debtor.

69. Through misconduct, including but not limited to breaches of fiduciary duty and

falsely asserting in the Lawsuit, for himself and the Firm, that the Debtor was not a shareholder in the Firm, the Debtor controlled and used the Firm to evade obligations, commit injustice, and gain an unfair advantage to the detriment of the Firm and Mrs. Davis.

70.    No later than October 2008, the Debtor improperly benefitted from the Firm's corporate entity as a shield from liability for his misconduct that resulted in the Conversion Debt and the Fee Debt, such that the separate personalities of the Firm and the Debtor no longer exist as to those obligations, and to adhere to that separateness would work an injustice on Mrs. Davis and the Firm.

71.    As a direct and proximate result of the Debtor's conduct with regard to the Initial Misappropriations and the Lawsuit, Mrs. Davis and the Firm have suffered losses and damages for which the Debtor is personally liable.

72.    The Debtor is liable personally to Mrs. Davis for the Fee Debt because his persistent efforts and denials of Mrs. Davis's rights as a director and shareholder of the Firm resulted in protracted litigation through state and, now, federal court, for which she has borne the cost.

### COUNT I - 11 U.S.C. § 523(a)(6) - By Mrs. Davis Derivatively on behalf of the Firm
### The Conversion Debt is nondischargeable due to willful and malicious injury.

73.    The allegations in the foregoing paragraphs are incorporated in this Count I as if restated in their entirety.

74.    Both the Firm and Mrs. Davis, as a shareholder in the Firm, had a property interest in the funds that the Debtor converted giving rise to the Conversion Debt, and they were entitled to have possession of those funds remain at the Firm when the Debtor converted them.

75.    The Debtor's acts of converting those funds were done with the intent to improperly and permanently deprive the Firm and Mrs. Davis of those funds.

12

76.    In converting those funds, the Debtor acted deliberately, intentionally, wrongfully, and in knowing disregard of the Firm's rights and Mrs. Davis's rights in the funds and with the intent to injure both of them or with the certainty that they would be injured. The Debtor caused such injury without just cause or excuse.

77.    The Debtor then compounded the injury by falsely denying that Mrs. Davis was a shareholder and wrongfully denying her access to the Firm's books and records, thereby causing and extending the Lawsuit at extreme cost to Mrs. Davis and the Firm. The Debtor denied Mrs. Davis's status as shareholder and her right to access the Firm's books in order to conceal the extent of his wrongful actions and to wrongfully preclude Mrs. Davis from recovering her rightful share of those funds.

78.    The Conversion Debt was incurred through willful and malicious injury by the Debtor and is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

**COUNT II - 11 U.S.C. § 523(a)(4) - By Mrs. Davis Derivatively on behalf of the Firm**
**The Conversion Debt is nondischargeable due to fraud or defalcation while in a fiduciary capacity.**

79.    The allegations in the foregoing paragraphs are incorporated in this Count II as if restated in their entirety.

80.    The Debtor has been a director of the Firm since its incorporation and, as such, owed fiduciary duties of care and loyalty to the Firm and all of its shareholders, including Mrs. Davis.

81.    The Debtor breached his duties to the Firm and its shareholders by wrongfully converting the funds that gave rise to the Conversion Debt.

82.    The Debtor's actions in wrongfully converting of those funds were not in accordance with his good faith business judgment of what is in the best interests of the Firm. Rather, the Debtor acted purely out of self-interest and with complete indifference to the

13

consequences of his actions for the Firm.

83.    The interests of the Firm and its shareholders were damaged by the Debtor's self-dealing, self-interest, and breach of his fiduciary duties insofar as the Firm was deprived of the funds that gave rise to the Conversion Debt.

84.    The Debtor is liable to the Firm for the Conversion Debt based on breaches of fiduciary duties, and such liability is nondischargeable pursuant to 11 U.S.C. § 523(a)(4) based on fraud or defalcation while acting in a fiduciary capacity.

**COUNT III - 11 U.S.C. § 523(a)(4) - By Mrs. Davis Derivatively on behalf of the Firm**
**The Conversion Debt is nondischargeable due to embezzlement.**

85.    The allegations in the foregoing paragraphs are incorporated in this Count III as if restated in their entirety.

86.    The Firm lawfully entrusted the Debtor with funds that he converted, giving rise to the Conversion Debt, and he converted those funds for his benefit, including without limitation to make consumer purchases and to fund the operation of CLG, with fraudulent intent or by deceit and with the intent to permanently deprive the Firm and Mrs. Davis of those funds.

87.    The Conversion Debt was incurred through embezzlement by the Debtor and is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

**COUNT IV - 11 U.S.C. § 523(a)(4) - By Mrs. Davis Derivatively on behalf of the Firm**
**The Conversion Debt is nondischargeable due to larceny.**

88.    The allegations in the foregoing paragraphs are incorporated in this Count IV as if restated in their entirety.

89.    The Debtor obtained the funds that he converted, giving rise to the Conversion Debt, unlawfully and without the Firm's consent, and he converted those funds for his benefit, including without limitation to make consumer purchases and to fund the operation of CLG, with

fraudulent intent or by deceit and with the intent to permanently deprive the Firm and Mrs. Davis
of those funds.

90.    The Conversion Debt was incurred through larceny by the Debtor and is
nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

### COUNT V - 11 U.S.C. § 523(a)(4) - By Mrs. Davis Derivatively on behalf of the Firm
**The Fee Debt is nondischargeable due to fraud or defalcation while in a fiduciary capacity.**

91.    The allegations in the foregoing paragraphs are incorporated in this Count V as if
restated in their entirety.

92.    The Debtor has been a director of the Firm since its incorporation and, as such,
owed fiduciary duties of care and loyalty to the Firm and all of its shareholders, including Mrs.
Davis.

93.    The Debtor breached his duties to the Firm and its shareholders by falsely
denying, and having the Firm falsely deny, that Mrs. Davis is a shareholder and by wrongfully
denying her access to the Firm's books and records.

94.    The Debtor made this false denial, and had the Firm do the same, in order to
conceal the extent of his own wrongful actions in converting the Firm's funds for his own use
and to preclude wrongfully Mrs. Davis from recovering her rightful share of those funds.

95.    The Debtor's actions were not in accordance with his good faith business
judgment of what is in the best interests of the Firm.  Rather, the Debtor acted purely out of self-
interest and with indifference to the consequences of his actions for the Firm.

96.    The interests of the Firm and its shareholders were damaged by the Debtor's self-
dealing, self-interest, and breach of his fiduciary duties insofar as the Firm became liable for the
Fee Debt.

97.    The Debtor is liable to the Firm for the Fee Debt based on breaches of fiduciary

15

duties, and such liability is nondischargeable pursuant to 11 U.S.C. § 523(a)(4) based on fraud or

defalcation while acting in a fiduciary capacity.

### COUNT VI - 11 U.S.C. § 523(a)(6) - By Mrs. Davis Derivatively on behalf of the Firm
### The Fee Debt is nondischargeable due to willful and malicious injury.

98.    The allegations in the foregoing paragraphs are incorporated in this Count VI as if

restated in their entirety.

99.    By falsely denying, and having the Firm falsely deny, that Mrs. Davis is a

shareholder and by wrongfully denying her access to the Firm's books and records, the Debtor

caused and extending the Lawsuit at extreme cost to Mrs. Davis and the Firm.

100.    The Debtor made his false denials with the intent to injure both Mrs. Davis and

the Firm or with the certainty that they would be injured, insofar as he knew he was causing

them to incur substantial attorney fees.  The Debtor caused such injury without just cause or

excuse.

101.    The Debtor is liable to the Firm for the Fee Debt based on, without limitation,

breach of fiduciary duties and the doctrines of implied indemnification and corporate waste, and

such liability to the Firm for the Fee Debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(6)

based on willful and malicious injury.

### COUNT VII - 11 U.S.C. § 523(a)(6) - By Mrs. Davis Individually
### The Fee Debt is nondischargeable due to willful and malicious injury.

102.    The allegations in the foregoing paragraphs are incorporated in this Count VII as

if restated in their entirety.

103.    The Firm falsely denied Mrs. Davis's status as a shareholder and in the Lawsuit

and knowingly and wrongfully denied her access to the Firm's books and records in violation of

her rights under, without limitation, Code of Virginia 13.1-773.

104.    The Debtor dominated the Firm no later than October 2008 and from at least that time forward he abused the corporate form to advance his personal interests, evade obligations, commit injustice, and gain an unfair advantage as to Mrs. Davis.  This rendered the Firm, as a corporate entity, a mere sham and alter ego of the Debtor.

105.    Accordingly, the Court should disregard the corporate form and find that the Debtor is personally liable to Mrs. Davis for the Fee Debt and that such Debt was incurred through willful and malicious injury and is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

**WHEREFORE**, Mrs. Davis and the Firm request that the Court enter an Order that (i) declares nondischargeable the Conversion Debt that the Debtor owes to the Firm in the amount of $234,412.18 pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(6); (ii) finds the Debtor liable to both the Firm and Mrs. Davis for the Fee Debt in the amount of $289,228.71 and declares such debt to be nondischargeable pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(6); and (iii) grants any further relief that the Court deems proper and just.


January 25, 2013                              CAROLINE V. DAVIS f/k/a CAROLINE D.
                                              BRAGG, INDIVIDUALLY AND ON BEHALF
                                              OF CATTANO LAW FIRM, P.C. AND ALL OF
                                              ITS SHAREHOLDERS.


                                              By: _____/s/ Neil E. McCullagh_____
                                                         Counsel

Neil E. McCullagh, Esq. (VSB No. 39027)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:  (804) 697-2000
Facsimile: (804) 697-2100
*Counsel for Plaintiffs*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| *In re*: ) | |
| ) | Chapter 7 |
| John Peter Cattano, ) | |
| ) | |
| *Debtor*. ) | Case No. 12-62294 |
| ) | |
| Caroline V. Davis f/k/a Caroline D. Bragg, ) | |
| Individually and on behalf of Cattano Law Firm, ) | |
| P.C. and all of its Shareholders, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | APN: _____ |
| ) | |
| John Peter Cattano, ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT IN SUPPORT OF VERIFIED DERIVATIVE COMPLAINT

COMMONWEALTH OF VIRGINIA

CITY OF RICHMOND, to wit:

This day appeared personally before me, a Notary Public in and for the City / County of the Commonwealth of Virginia, Caroline V. Davis, who, after being duly sworn stated as follows:

1.      That she, Caroline V. Davis, is a licensed attorney and is authorized to practice law in the Commonwealth of Virginia.

2.      That she, Caroline V. Davis, is knowledgeable of and has reviewed the allegations and facts contained in the accompanying Verified Derivative Complaint to Determine Dischargeability of Debts, filed by Caroline V. Davis, f/k/a Caroline D. Bragg, individually and on behalf of Cattano Law Firm, P.C. and all of its shareholders against John Peter Cattano.

3.      That she, Caroline V. Davis, believes that the allegations and facts contained in the Complaint are true and accurate, and that she is a fair and adequate representative of the

1


EXHIBIT

A

Cattano Law Firm, P.C. and meets the requirements of Rule 23.1 of the Federal Rules of Civil

Procedure and Rule 7023.1 of the Federal Rules of Bankruptcy Procedure.


By: _Caroline V Davis_

Caroline V. Davis


SUBSCRIBED AND SWORN before me this 24ᵗʰ day of January 2013 by Caroline V.
Davis, who, at all relevant times, was a shareholder and director of the Cattano Law Firm, P.C.

My commission expires: __12/31/14__

_Notary Public_

439490.v.1.doc

2

VIRGINIA:

IN THE CIRCUIT COURT OF THE COUNTY OF ALBEMARLE

| | |
|---|---|
| CAROLINE D. BRAGG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: CL08002570-00 |
| | ) |
| THE CATTANO LAW FIRM, P.C., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## FINAL JUDGMENT ORDER

On January 7, January 8, and January 25, 2010, came the parties, in person and by counsel, and likewise came a jury, to wit: Jacqueline Lewis, Valerie Gregory, Karen Collins, James Satira, Leslie Riggs, Diane Miles, and Tara McKean, all of whom were duly sworn to try the issues raised by Plaintiff's Amended Complaint and Defendants' Counterclaims. On January 25, 2010, juror Leslie Riggs was unable to attend, and the parties agreed that the trial should proceed in her absence.

At the conclusion of Plaintiff's case in chief, Defendants' counsel made a motion to strike, which the Court took under advisement. After the Defendants presented their case, Plaintiff's counsel made a motion to strike the Defendants' Counterclaims, which the Court also took under advisement. After Plaintiff presented her evidence in rebuttal, Plaintiff renewed her motion to strike Defendants' Counterclaims, which the Court GRANTED, except with respect to Defendant John P. Cattano's ("Cattano") counterclaim for conversion. Defendants also renewed their motion to strike, which was DENIED; however, the Court ruled that Count I of the Amended Complaint had been resolved in favor of Plaintiff by previous Orders of the Court and would not be submitted to the jury.

**EXHIBIT**

B

The parties' objections to the rulings of the Court were duly noted and preserved for the record.

Proposed jury instructions were argued by counsel and decided by the Court, with the Court noting the parties' respective objections, and the Court instructed the jury on the law of the case.

The six jurors, having heard the evidence and argument of counsel and having received the instructions of the Court, retired to the jury room to deliberate and then returned their verdict, a copy of which is attached hereto and incorporated herein as Attachment A. The Court polled the members of the jury in open court regarding their verdict and each juror responded affirmatively.

On December 29, 2010, came Plaintiff and the Law Firm, in person and by counsel, and Cattano, *pro se*, on Plaintiff's motion for an award of reasonable attorney's fees, costs and expenses incurred in connection with Counts I and III of the Amended Complaint, and on Defendants' motion for an award of reasonable attorney's fees, costs and expenses incurred in connection with Count II of the Amended Complaint.

At the conclusion of Plaintiff's case in chief, the Law Firm's counsel made a motion to strike, which the Court took under advisement. After the Defendants presented their case, Plaintiff's counsel moved to strike Defendants' claims for attorney's fees, which the Court GRANTED. The Law Firm renewed its motion to strike, which motion was DENIED for the reasons stated on the record.

The Court FINDS, pursuant to Va. Code § 13.1-672.5(1), that Plaintiff's derivative "proceeding has resulted in a substantial benefit to the [Law Firm]," and, therefore, Plaintiff is

entitled to an award of her reasonable expenses, including counsel fees, in the derivative proceeding.

The Court further FINDS, without commenting on the reasonableness of counsel's rates generally, that the rate of $400/hour constitutes a reasonable hourly rate for Plaintiff's lead counsel in this particular case based upon the evidence presented, including the testimony of the expert witnesses, that a reasonable hourly rate would range from $325/hour to $500/hour. The Court will recalculate Plaintiff's fee request accordingly using the hours expended, which were deemed to be reasonable and necessary by both experts.

The Court has previously ruled that Plaintiff prevailed on Count I. In connection with Plaintiff's claim for attorney's fees, the Court FINDS, pursuant to § 13.1-773(c), that the Law Firm, through its authorized agent, Cattano, refused Plaintiff's request for inspection of records without a reasonable basis for doubt about Plaintiff's right to inspect the records demanded, thus necessitating this litigation, the appointment of a Receiver pursuant to § 13.1-748, and numerous discovery and procedural motions, even though Cattano later acknowledged under oath that Plaintiff is a shareholder and director of the Law Firm. The Court further FINDS that the attorney's fees incurred in connection with Count I were necessary and reasonable, and were inextricably intertwined with the attorney's fees incurred in connection with the derivative proceeding.

Accordingly, the Court FINDS, pursuant to its equitable powers and the Order entered on July 24, 2009, that Cattano shall be solely responsible for the Receiver's fees and costs incurred herein, including any accrued interest, and that Plaintiff shall be reimbursed her share paid to date in the amount of $14,104.67. It is therefore ORDERED that Cattano shall pay

3

such sum into the Law Firm, which shall then reimburse Plaintiff in full, pursuant to § 13.1-773(c), or he shall be permitted to pay Plaintiff directly.

The Court further FINDS that § 13.1-672.5(1) is clear and unambiguous, and does not clearly evince a legislative intent to adopt the "common fund" exception to the "American Rule" prohibiting the shifting of attorney's fees to the losing party, as argued by the Law Firm.  It is ADJUDGED and ORDERED that the Law Firm shall pay in full to Plaintiff the award of attorney's fees, costs and expenses below, and that Plaintiff shall first be paid the judgments, fees, and expenses awarded herein before the Law Firm shall disburse any sums to Cattano or other creditors.

NOW, THEREFORE, it is ADJUDGED and ORDERED, pursuant to the jury's verdict, that judgment be, and hereby is, entered ~~in favor of Plaintiff~~ *wns* on behalf of the Cattano Law Firm, P.C. (the "Law Firm"), against Cattano on Count III of the Amended Complaint in the amount of $234,412.18, together with post-judgment interest from the date of the verdict until paid in full, of which amount the sum of $64,111.77, representing Plaintiff's 27.35% ownership interest of the Law Firm, shall be due and owing from the Law Firm to Plaintiff, together with her proportionate share of the post-judgment interest.

It is further ADJUDGED and ORDERED, pursuant to the jury's verdict, that judgment be, and hereby is, entered in favor of Plaintiff against the Law Firm on Count IV of the Amended Complaint for breach of contract in the amount of $10,416.66, together with post-judgment interest from the date of the verdict until paid in full.

It is further ADJUDGED and ORDERED, pursuant to the jury's verdict, that judgment be, and hereby is, entered in favor of Plaintiff against the Law Firm on Count V of the

Amended Complaint for judicial dissolution in the amount of $7,409.90, together with post-

judgment interest from the date of the verdict until paid in full.

UPON CONSIDERATION WHEREOF, the Court ADJUDGES and ORDERS that the

Law Firm shall pay Plaintiff's reasonable attorney's fees in the amount of $269,813.00, together

with reasonable costs and expenses in the amount of $19,415.71, which includes Plaintiff's share

of the Receiver's fees paid to date.

And nothing further remaining to be done, this cause shall be removed from the Court's

docket and placed among the ended causes.

ENTER: / / /2 / /1

_____

The Honorable William R. Shelton
Substitute Circuit Court Judge

I ASK FOR THIS PROPOSED FINAL JUDGMENT ORDER
AND OBJECT ONLY INSOFAR AS THE COURT ALTERS
THIS ORDER AS SUBMITTED:

_____

Stephen E. Baril (VSB No. 19504)
Edward J. Dillon (VSB No. 46804)
WILLIAMS MULLEN
A Professional Corporation
P. O. Box 1320
Richmond, VA 23218-1320
Tel: 804.420.6000
Fax: 804.420.6507
         *Counsel for Plaintiff*

13006423_4.DOC

Jan. 6. 2011  1:13PM   Lenhart Obenshain PC                          No. 3731   P. 7

SEEN AND OBJECTED TO FOR THE REASONS STATED IN
ATTACHMENT B:

Nancy R. Schlichting (VSB No. 65909)
Patrick C. Asplin (VSB No. 46620)
Lenhart Obenshain, P.C.
100 10th Street, N.E., Suite 300
Charlottesville, VA 22902
Tel: 434.220.6108
Fax: 434.220.6102
        *Counsel for Defendant Cattano Law Firm, P.C.*


SEEN AND OBJECTED TO FOR THE REASONS STATED IN
ATTACHMENT B :

John P. Cattano, *pro se*
One Boar's Head Lane
Charlottesville, VA 22903
Tel: 434.984.5550


1309421_2.DOC

6

## ATTACHMENT B

SEEN AND OBJECTED TO FOR THE REASONS SET FORTH IN THE
PLEADINGS, MOTIONS, AND MEMORANDUM SUBMITTED BY DEFENDANTS
IN PRE-TRIAL PROCEEDINGS, AT TRIAL AND IN POST-TRIAL PROCEEDINGS,
AND FOR THE REASONS ARGUED BY COUNSEL FOR DEFENDANTS AND BY
DEFENDANT JOHN P. CATTANO, *PRO SE*, AT TRIAL AND DURING PRE-TRIAL
AND POST-TRIAL PROCEEDINGS, INCLUDING BUT NOT LIMITED TO, THE
FOLLOWING REASONS:

1. The trial court erred in failing to grant Defendants' Motion to Recuse for the reasons stated therein.

2. The trial court improperly refused to allow Defendants to call Dan Reif as an expert witness at trial to testify regarding Plaintiff's spoliation of documents and evidence, which ruling severely prejudiced Defendants.

3. The trial court improperly refused to allow Defendants to call Wade Hampton, CPA as an expert witness at trial to testify concerning accounting matters relating to the Cattano Law Firm, P.C., and to testify concerning matters relating to the testimony and report of the Receiver, Matthew McDonald, which ruling severely prejudiced Defendants.

4. Plaintiff failed to comply with Va. Code §13.1-771 and Va. Code §13.1-773.1 and is not entitled to the relief pleaded in Count I of the Amended Complaint.

5. Plaintiff lacked standing to bring derivative claims on behalf of Cattano Law Firm, P.C. for breach of fiduciary duty and conversion (Counts II and III of the Amended Complaint) as required by Va. Code §13.1-672.1 because she did not fairly and adequately represent the interests of Cattano Law Firm, P.C. in enforcing the right of Cattano Law Firm, P.C.

6. The trial court improperly determined as a matter of law that the Plaintiff fairly and adequately represented the interests of Cattano Law Firm, P.C. in enforcing the right of such corporation as required by Va. Code §13.1-672.1, and, despite such conclusion requiring certain factual determinations, refused to instruct the jury that as a condition to finding for the Plaintiff on Count III of the Amended Complaint that they must find that the Plaintiff fairly and adequately represents the interests of Cattano Law Firm, P.C. in enforcing the right of Cattano Law Firm, P.C.

7. The trial court improperly instructed the jury that the Plaintiff was a shareholder of Cattano Law Firm, P.C.

8. Plaintiff is not entitled to judgment against Defendant John Cattano on Count IV of the Complaint because the Plaintiff did not allege, plead, or adduce any evidence of a contract between her and Defendant John Cattano relating to payment of salary for October 2008, and the Plaintiff pursued Count IV only against Defendant Cattano Law Firm, P.C.

9. Plaintiff is not entitled to any relief sought under Count V of the Amended Complaint (Judicial Dissolution) because Cattano Law Firm, P.C. was already dissolved prior to trial and because the verdict reflects that Plaintiff failed to prove the requisite statutory requirements of Va. Code §13.1-747.

10. Plaintiff is not entitled to judgment against Defendant John Cattano on Count V of the Amended Complaint (Judicial Dissolution) because such judgment can only be paid from the assets of Cattano Law Firm, P.C. after its creditors have been paid.

11. Plaintiff is not entitled to the recovery of expenses (including attorney's fees and costs) under Va. Code §13.1-672.5.1 based on the trial court's improper bifurcation of Plaintiff's claim for attorneys' fees and the Plaintiff's failure to submit such claim to the original jury, which was contrary to <u>Lee v. Mulford</u>, 269 Va. 562, 567 (2005) and contrary to the trial court's prior rulings.

12. Plaintiff is not entitled to the recovery of expenses (including attorney's fees and costs) under Va. Code §13.1-672.5.1 on the ground that she waived such claim by failing to object to the discharge of the jury after the first three days of trial despite the ruling by the trial court that the jury would determine the parties' claim for attorneys' fees.

13. Plaintiff is not entitled to the recovery of expenses (including attorney's fees and costs) under Va. Code §13.1-672.5.1because she is estopped by the conduct of her counsel in speaking to the foreman of the jury before the issue of attorney's fees was presented to the jury and in reviewing the notes of the jurors after the first three days of trial in violation of Rule 1:23 of the Rules of the Supreme Court of Virginia.

14. Plaintiff is not entitled to the recovery of expenses (including attorney's fees and costs) under Va. Code §13.1-672.5.1 based on the reasons and grounds set forth in Defendants' Motion for Entry of Final Judgment filed on March 26, 2010 and its Second Motion for Entry of Final Judgment filed on September 10, 2010.

15. Plaintiff is not entitled to the recovery of expenses (including attorney's fees and costs) under Va. Code §13.1-672.5.1 for failure to meet the standard set forth in

the statute and for the reasons testified to by Defendants' expert and his expert designation proffered to the trial court.

16. Plaintiff is not entitled to the recovery of expenses (including attorney's fees and costs) under Va. Code §13.1-672.5.1 because the derivative proceeding did not result in a substantial benefit to Cattano Law Firm, P.C.

17. The trial court improperly ruled, *sua* sponte, without affording Defendants the opportunity to present any evidence on the issue of whether the derivative proceeding resulted in a substantial benefit to Cattano Law Firm, P.C., that the Plaintiff was entitled to recover her attorneys' fees and costs pursuant to Va. Code § 13.1-672.5.1

18. In determining that Plaintiff was entitled to recover her attorneys' fees and costs pursuant to Va. Code § 13.1-672.5.1, the trial court applied the wrong standard, stating in its Order of November 2, 2010 that "the Plaintiff substantially prevailed and was a benefit to the corporation."

19. Plaintiff is not entitled to recover her attorney's fees and costs under Va. Code §13.1-672.5.1 because she failed to adduce any evidence that it was necessary to pursue derivative claims on behalf of Cattano Law Firm, P.C. to recover the relief that she sought in the Amended Complaint.

20. Plaintiff is not entitled to recover her attorney's fees and costs under Va. Code §13.1-672.5.1 because she failed to adduce any evidence as to the amount of attorneys' fees and costs reasonably allocated to the one derivative claim on which she was partly successful.

21. Plaintiff is not entitled to recover her attorney's fees under Va. Code §13.1-672.5.1 in the amount of $269, 813 because she failed to adduce any evidence that such amount was reasonable based upon reasonable hourly rates in light of the amount in controversy and the extent of success achieved by the Plaintiff.

22. The total amount of attorneys fees and costs awarded to Plaintiff under Va. Code § 13.1-627.5.1 of $289,228.71 is unreasonable based on the complexity of the case, the amount in controversy, the hourly rates charged by Plaintiff's counsel, the limited extent of Plaintiff's success, and the fact that Cattano Law Firm, P.C. received no benefit as a result of the Plaintiff's derivative claim for conversion.

23. The trial court erred in awarding the Plaintiff attorneys' fees and costs for work expended which is not recoverable under Va. Code s 13.1-627.5.1, including attorney's fees incurred in connection with a Writ of Mandamus to the Virginia Supreme Court (which were separately awarded by the Virginia Supreme Court) and attorneys' fees incurred in connection with reviewing juror notes in violation of Rule 1:23 of the Rules of Supreme Court of Virginia.

24. The trial court failed to assess and determine a proper award of attorneys' fees and costs to the Plaintiff and instead adopted an approach whereby Plaintiff and Defendants were to submit a proposed Final Order containing an amount of attorneys' fees and costs to be awarded to Plaintiff and the trial court would chose which of the two proposed Final Orders should be entered.

25. Plaintiff is not entitled to the recovery of her portion of the Receiver's fees from Defendant John Cattano because the Plaintiff sought such relief in Count V of the Amended Complaint only against Defendant Cattano Law Firm, P.C. and Va. Code § 13.1-748(E) only permits such fees to be borne from the assets of Cattano Law Firm, P.C.

26. Plaintiff is not entitled to the recovery of her portion of the Receiver's fees from either Defendant because Plaintiff failed to adduce any evidence that the appointment of a Receiver in this case was necessary or appropriate.

27. Plaintiff is not entitled to an award of attorney's fees pursuant to Va. Code § 13.1-773 because the Plaintiff failed to comply with the requirements of Va. Code §13.1-771.

28. Plaintiff is not entitled to an award of attorney's fees or any portion of the Receiver's fees pursuant to Va. Code § 13.1-773 because the trial court did not enter an Order permitting inspection pursuant to Va. Code § 13.1-773.

29. Plaintiff is not entitled to an award of attorney's fees or any portion of the Receiver's fees pursuant to Va. Code § 13.1-773.1 because the trial court did not enter an Order permitting inspection pursuant to Va. Code § 13.1-773.1

30. Plaintiff is not entitled to an award of attorney's fees or any portion of the Receiver's fees pursuant to Va. Code § 13.1-773 or 13.1-773.1 because the trial court granted Defendants' motion to strike Count I of the Amended Complaint.

31. Plaintiff is not entitled to an award of attorney's fees or any portion of the Receiver's fees pursuant to Va. Code § 13.1-773 because Cattano Law Firm P.C. had a reasonable basis for doubt about the right of Plaintiff to inspect the records requested.

32. Plaintiff is not entitled to an award of attorney's fees or any portion of the Receiver's fees pursuant to Va. Code § 13.1-773 because any award is limited to the reasonable counsel fees incurred to obtain an order permitting inspection and the Plaintiff failed to adduce any evidence concerning the amount of such attorney's fees.

33. Plaintiff is not entitled to an award of attorney's fees or any portion of the Receiver's fees pursuant to Va. Code § 13.1-773.1 because Plaintiff did not seek inspection of requested records for any purpose related to her performance as a director of Cattano Law Firm, P.C. and Cattano Law Firm PC had a reasonable basis for doubt about the right of Plaintiff to inspect the records requested.

34. Plaintiff is not entitled to an award of attorney's fees or any portion of the Receiver's fees pursuant to Va. Code § 13.1-773.1 because any award is limited to the reasonable counsel fees incurred in connection with an application to obtain an order permitting inspection and the Plaintiff failed to adduce any evidence concerning the amount of such attorney's fees.

35. Plaintiff is not entitled to post-judgment interest from the date of the verdict as this was not awarded by the jury and was not requested at any time during trial.

36. The trial court erred in granting Plaintiff's motion to strike Defendants' claims for attorneys' fees pursuant to Va. Code § 13.1-672.5.2.

37. The trial court erred in failing to order Plaintiff to pay all fees charged by the Receiver as the appointment of a Receiver, as requested by Plaintiff, was unnecessary in this action and there was no basis in law or fact for the appointment of a receiver.

38. The trial court has no jurisdiction or authority to grant relief requiring Cattano Law Firm, P.C. to pay amounts to Plaintiff in preference of other creditors.

39. Plaintiff is not entitled to be appointed as a custodian of Cattano Law Firm, P.C. as such relief was not requested by Plaintiff at any time, Plaintiff has a clear and direct conflict of interest in representing Cattano Law Firm, P.C. as its custodian, and the trial court lacks jurisdiction to appoint a custodian pursuant to Va. Code § 13.1-748 following the dissolution of Cattano Law Firm, P.C. and the entry of this Final Order.

DEFENDANTS FURTHER SPECIFICALLY OBJECT TO THE TERMS OF THIS FINAL JUDGMENT ORDER, WHICH WAS PREPARED BY COUNSEL FOR PLAINTIFF, TO THE EXTENT THAT SUCH TERMS ARE INCONSISTENT WITH THE COURT'S PRIOR RULINGS AND/OR REPRESENT AN IMPROPER ATTEMPT BY PLAINTIFF TO ASSERT FACTUAL AND LEGAL FINDINGS AND CONCLUSIONS THAT WERE NEVER MADE BY THE TRIAL COURT TO SEEK TO JUSTIFY THE RELIEF GRANTED IN THIS ORDER.   SUCH OBJECTION PERTAINS TO THE FOLLOWING TERMS OF THE ORDER:

1. On page 3 of the Order, the trial court has never stated or ruled that the "Plaintiff's derivative proceeding has resulted in a substantial benefit to the [Law Firm]" and such language is inconsistent with the actual ruling made by the trial court in its Order of November 2, 2010.

2.  On page 3 of the Order, the trial court has never stated or ruled that the Plaintiff prevailed on Count I of the Amended Complaint, or made any determination or finding that "the Law Firm, through its authorized agent, Cattano, refused Plaintiff's request for inspection of records without a reasonable basis for doubt about Plaintiff's right to inspect the records demanding, thus necessitating this litigation, the appointment of a Receiver pursuant to Va. Code § 13.1-748, and numerous discovery and procedural motions even though Cattano later acknowledged under oath that Plaintiff is a shareholder and a director of the Law Firm." At the hearing on July 1, 2009 at which the trial court considered the Plaintiff's claim under Count I of the Amended Complaint and the Plaintiff's motion for an appointment of a Receiver, the extent of the trial court's reasoning when granting the motion appointing the Receiver was "*I'm disposed to grant the motion to have a receiver appointed and find out what the situation is in reference to these people's financial arrangement.*"

3.  On page 4 of the Order, the trial court made no findings or determinations as to the reasonableness of the attorneys' fees sought by Plaintiff. Instead of conducting an analysis as to the proper amount that should be awarded applying the factors recognized by the Virginia Supreme Court, the trial court stated that Plaintiff and Defendant should submit a proposed Order including an amount of attorneys' fees to be awarded to Plaintiff and the trial court would chose which Final Order to enter.

4.  With respect to page 4 of the Order, the trial court has never stated or ruled that "§ 13.1-672.5(1) is clear and unambiguous, and does not clearly evince a legislative intent to adopt the "common fund" doctrine exception to the "American Rule" prohibiting the shifting of attorney's fees to the losing party, as argued by the Law Firm." The trial court never gave any reasons or explanation concerning its finding that Plaintiff's derivative proceeding had resulted in a substantial benefit to Cattano Law Firm P.C. or as to why it, in its letter ruling of June 16, 2010, it rejected Defendants' argument that Va. Code § 13.1-672.5.1 was a statutory codification of the "common fund" doctrine despite the fact that such position as supported by Plaintiff's own expert on the issue of attorneys' fees.

## VERDICT FORM    30

We, the Jury, find our verdict as follows:

_____ We find for the Plaintiff on the issue of breach of fiduciary duty, brought on behalf of the Cattano Law Firm, P.C., and award damages to the Cattano Law Firm, P.C. in the amount of $ _____.

___✓___ We find for the Defendant on the issue of breach of fiduciary duty.

We find Plaintiff percentage ownership of Cattano Law Firm P.C. to be 27.35 %.

___✓___ We find for the Plaintiff on the issue of conversion, brought on behalf of the Cattano Law Firm, P.C., and award damages to the Cattano Law Firm, P.C. in the amount of $ 294,412.18 (of which $64,111.77 - or 27.35%) goes to C. Davis

_____ We find for the Defendant on Plaintiff's claim for conversion against Defendant John Cattano.

___✓___ We find for the Plaintiff on the issue of breach of contract and award damages to Caroline Davis in the amount of $ 10,416.66 .

_____ We find for the Defendant on the issue of breach of contract.

EXHIBIT

A

_____ We find for the Defendant John Cattano on  the issue of conversion and award damages to him in the amount of $ _____

___✓___ We find for Plaintiff on the issue of Defendant's claim for conversion against Caroline Davis.

___✓___ We find for Plaintiff Caroline Davis on the issue of judicial dissolution of the Cattano Law Firm, P.C. and award her damages in the amount of $ 7,409.90.

_____ We find for Defendant John Cattano on the issue of judicial dissolution.

1-25-10
Date

_Karen Collins_
Foreman

V I R G I N I A :

IN THE CIRCUIT COURT OF THE COUNTY OF ALBEMARLE

CAROLINE D. BRAGG,                                )
      Individually and on behalf of       )
      The Cattano Law Firm, P.C.,          )
      and all of its Shareholders,         )
                                           )
             Plaintiff        )
                                           )
v.                                                )    CASE NO. CL08002570-00
                                           )
THE CATTANO LAW FIRM, P.C.,                       )
      a Virginia corporation               )
      Serve:  John P. Cattano,             )
      Registered Agent                     )
      One Boar's Head Lane                 )
      Charlottesville, Virginia 22903      )
                                           )
and                                               )
                                           )
JOHN P. CATTANO,                                  )
      Individually and in his capacity     )
      as a director of The Cattano Law     )
      Firm, P.C.,                          )
      One Boar's Head Lane                 )
      Charlottesville, Virginia 22903      )
                                           )
             Defendants       )

## AMENDED COMPLAINT

Plaintiff Caroline D. Bragg ("Bragg"), by counsel, pursuant to Virginia Code §§ 13.1-

672.1, 13.1-747, 13.1-773, and 13.1-773.1, files this Amended Complaint, both individually and

on behalf of The Cattano Law Firm, P.C. and all of its shareholders, against Defendant The

Cattano Law Firm, P.C. ("CLF") and Defendant John P. Cattano ("Cattano"), individually and in

his capacity as a director of CLF.



EXHIBIT

C

## Jurisdiction and Venue

1.      Jurisdiction in this Court is proper under Virginia Code §§ 13.1-747.  Venue in

this Court is proper under Virginia Code §§ 13.1-747(C).

## Statement of Facts

2.      Bragg incorporates the allegations contained in her Complaint as if fully set forth

herein.

3.      CLF is a new law firm formed by Bragg and Cattano on or about August 9, 2007.

Bragg and Cattano were the initial shareholders and directors of CLF, and they remain the only

shareholders and directors of CLF.  Neither the directors nor the shareholders ever adopted

bylaws for CLF, nor did they elect any officers of CLF.  Bragg and Cattano are each 50%

shareholders in CLF.

4.      As a director of CLF, Cattano had fiduciary duties of care and loyalty to CLF and

its shareholders, including Bragg.

5.      Bragg remains a shareholder of CLF and fairly and adequately represents the

interests of CLF in enforcing the rights of CLF and in seeking the relief requested herein.

6.      The principal office of CLF is located in the County of Albemarle, Virginia.

7.      Since its inception, CLF has engaged solely in the business of rendering

professional legal services.  Bragg and Cattano are attorneys licensed to practice law in the

Commonwealth of Virginia and practiced law at CLF through at least October 2008.

8.      Since the inception of CLF, Cattano controlled the books and records of CLF

including, among other things, handling all of the billing for legal work performed by CLF

attorneys using proprietary software installed on his home computer.  Bookkeeping services for

CLF were performed by Cattano's spouse at their home. Bragg was aware of and agreed to such billing and bookkeeping arrangements.

      9.     Consistent with their 50/50 ownership of the stock in CLF, Bragg and Cattano mutually agreed (a) that CLF would pay each of them equal monthly draws (the "Monthly Draws"), and (b) that CLF would pay an equal distribution to each shareholder at the end of each fiscal year (the "Year End Distribution").

      10.    In May 2008, Bragg reviewed CLF's operating account ledger and noticed that, over many months, a number of checks had been drawn on that account payable to Cattano over and above the Monthly Draws and the Year End Distribution for 2007. A number of such checks were drawn in amounts that exceeded $3,000, frequently in round numbers, *e.g.*, $3,500.00, $3,500.00 and $5,100.00. The account ledger also reflected handwritten notations that other checks drawn payable to Cattano were "draws," even though they exceeded the amount of the Monthly Draws to which both parties had agreed. In addition, Bragg also noticed that checks had been drawn on the same account payable to Cattano's adult children. Prior to May 2008, Bragg had no knowledge of these draws or payments, and she had never agreed to or authorized such draws or payments.

      11.    Thereafter, Bragg asked Cattano on numerous occasions to explain the aforementioned entries in the account ledger. Cattano asserted that some of the checks drawn payable to him were intended to reimburse him for certain firm expenses that he had advanced. Cattano never provided Bragg with documentation for these expenses. On more than one occasion, Cattano reassured Bragg that they would "even up" their compensation at CLF's fiscal year-end.

12.     Upon information and belief, Cattano and Cattano's adult children received checks from CLF that, in the aggregate, exceeded the sums paid by CLF to Bragg during the same period by at least $328,000 (the "Misappropriated Funds").

13.     On or about September 29, 2008, Cattano, citing concerns about the depository institution at which CLF maintained its escrow account, withdrew from the escrow account the sum of $234,000.00, representing attorneys' fees payable to CLF from a personal injury settlement (the "Baker Fees"), and deposited that sum in CLF's operating account at Virginia National Bank (the "Operating Account"). Upon information and belief, Cattano is the only person with signature authority on the Operating Account.

14.     On or about August 8, 2008, Cattano had previously represented to Bragg that he would not withdraw the Baker Fees from the depository at which CLF maintained its escrow account until they mutually agreed on how to split such fees between them.

15.     On or about August 8, 2008, Cattano also told Bragg that he could not continue to work with her and that he thought that she should find a job elsewhere. As a director and 50% shareholder in CLF, Cattano had neither the right nor the authority to terminate the employment of Bragg, who was the other 50% shareholder. Bragg, however, was uncomfortable working in a firm where she was not wanted and where she could not trust her colleague. While continuing to practice law at CLF, she began looking for employment elsewhere.

16.     On October 7, 2008, pursuant to Va. Code § 13.1-771, Bragg sent a letter to Cattano in which she requested copies of the corporate books and records of CLF. Bragg's letter memorialized her prior oral requests for documentation since she discovered the irregularities in CLF's operating account ledger as described above. To date, neither Cattano nor CLF has

provided Bragg with copies of the corporate books and records of CLF or otherwise allowed

Bragg to review the corporate books and records of CLF.

17.    On October 8, 2008, Cattano responded with a letter in which he inaccurately

described himself as President of CLF and purported to terminate Bragg's employment effective

that same day.  Also on that date, Cattano, again arrogating to himself the title of President of

CLF, provided Bragg with written notice of a meeting of the shareholders of CLF on October 21,

2008, for the purpose of removing Bragg as a director and electing himself as the sole director of

CLF.

18.    Following an unsuccessful attempt by counsel for the parties to resolve certain

issues amicably and avoid a confrontation, on October 14, 2008, Bragg removed her furniture

and personal effects from her office at CLF and did not return.

19.    At the shareholders' meeting on October 21, 2008, Cattano took the absurd

position that Bragg was not a shareholder of CLF.  He counted only his own votes in favor of

removing Bragg as a director and electing himself as the sole director of CLF, disregarding

Bragg's votes against both measures.

20.    Contemporaneous with his improper attempts to seize control of CLF and deprive

Bragg of her rightful ownership interest in CLF, Cattano incorporated another law firm, Cattano

Law Group, P.C. (the "Cattano Law Group"), in October 2008.  Upon information and belief,

Cattano improperly paid, transferred, or otherwise misappropriated CLF assets, including but not

limited to cash, accounts receivable, personal property, and leasehold interests, to or for the

benefit of the Cattano Law Group.

21.    In light of Cattano's misappropriation of CLF assets and his refusal to provide her

with copies of CLF's books and records, Bragg sent a letter to CLF on March 17, 2009, pursuant

5

to Va. Code § 13.1-672.1, demanding that CLF (a) conduct a full and complete accounting to determine the amounts improperly paid or misappropriated by Cattano to himself, his family members, or third parties, and (b) take all suitable action to recover all improperly paid or misappropriated sums.

22.     More than 90 days have passed since Bragg's written demand, and CLF has not responded to Bragg's demand.

## COUNT I
### WRIT OF MANDAMUS FOR THE INSPECTION AND COPYING OF CORPORATE RECORDS PURSUANT TO VA. CODE §§ 13.1-773 and 773.1
#### (By Bragg Individually)

23.     Paragraphs 1 through 22 above are incorporated as if fully set forth herein.

24.     As a shareholder and director of CLF since August 2007, Bragg has a right, pursuant to Va. Code §§ 13.1-771 and 773.1, to inspect and copy the books and records of CLF.

25.     After discovering in May 2008 that Cattano had improperly paid or otherwise misappropriated to himself, members of his family, and/or third parties CLF funds in an amount believed to exceed $328,000, Bragg requested, pursuant to Va. Code § 13.1-771, that Cattano and CLF make the corporate books and records available to her for inspection and copying. Bragg requested these records to determine the amount of such improper payments and the value of her 50% ownership interest in CLF.

26.     Pursuant to Va. Code § 13.1-770, CLF is required to maintain appropriate accounting records. Such accounting records are directly related to Bragg's purpose of determining the value of the improper payments and the value of her 50% ownership interest in CLF. To date, Cattano and CLF have refused to comply with Bragg's good-faith request to inspect and copy CLF's corporate books and records.

27.    Bragg also demanded that CLF conduct an accounting to determine the total amount of the Misappropriated Funds, but to date CLF has not responded to such demand or otherwise provided Bragg with an accounting.

28.    This Court is empowered by Va. Code §§ 13.1-773 and 773.1 to issue an order on an expedited basis requiring CLF to permit Bragg to inspect and copy the corporate books and records of CLF, including CLF's accounting records.

WHEREFORE, Plaintiff respectfully prays that this Court enter an Order on an expedited basis as follows:

(a)    Requiring that CLF make its corporate books and records available to Bragg or her agents for inspection and copying within five (5) business days of the Order;

(b)    Requiring that CLF pay Bragg, pursuant to Va. Code §§ 13.1-773 and/or 773.1, her reasonable expenses, including attorney's fees, in making this application for a court-ordered inspection of CLF's books and records; and

(c)    Granting such further relief as the Court deems appropriate.

## COUNT II
## BREACH OF FIDUCIARY DUTY
### (By Bragg Derivatively on Behalf of CLF and All of its Shareholders)

29.    Paragraphs 1 through 28 above are incorporated as if fully set forth herein.

30.    Bragg has been a shareholder of CLF since its incorporation in August 2007. Bragg fairly and adequately represents CLF in enforcing the rights of CLF.

31.    Cattano has been a director of CLF since its incorporation in August 2007 and, as such, owed and owes fiduciary duties of care and loyalty to CLF and all CLF shareholders, including Bragg.

32.     Cattano breached his fiduciary duties to CLF and its shareholders by improperly paying or otherwise misappropriating CLF funds believed to exceed $328,000 to himself, members of his family, and/or third parties.  Cattano's actions caused the looting, misapplication, and waste of CLF's assets.

33.     Cattano breached his fiduciary duties to CLF and its shareholders by improperly misappropriating and secreting the Baker Fees into a bank account over which only he has signature authority and control.  Cattano's actions have wrongfully deprived CLF and its shareholders of the Baker Fees.

34.     Upon information and belief, Cattano breached his fiduciary duties to CLF and its shareholders by improperly paying, transferring, or otherwise misappropriating CLF assets, including but not limited to cash, accounts receivable, personal property, and leasehold interests, to the Cattano Law Group.

35.     The interests of CLF and its shareholders were damaged by Cattano's waste, self-dealing, self-interest, and breach of his fiduciary duties in an amount to be proven at trial but believed to exceed $562,000.

WHEREFORE, Plaintiff respectfully prays that this Court enter an Order as follows:

(a)     Requiring that Cattano repay to CLF all damages, including but not limited to all CLF funds or assets determined at trial to have been improperly paid, transferred, or otherwise misappropriated by Cattano to himself, members of his family, the Cattano Law Group, and/or third parties;

(b)     Requiring that CLF reimburse Bragg, pursuant to Va. Code § 13.1-672.5, her reasonable expenses, including attorney's fees, in bringing this derivative action; and

(c)     Granting such further relief as the Court deems appropriate.

### COUNT III
#### CONVERSION
**(By Bragg Derivatively on Behalf of CLF and All of its Shareholders)**

36.    Paragraphs 1 through 35 above are incorporated as if fully set forth herein.

37.    Bragg has been a shareholder of CLF since its incorporation in August 2007.
Bragg fairly and adequately represents CLF in enforcing the rights of CLF.

38.    Cattano improperly paid or otherwise misappropriated CLF funds in an amount
believed to exceed $328,000 to himself, members of his family, and/or third parties.  In so doing,
Cattano improperly exercised or assumed authority over funds and/or assets belonging to CLF
and deprived CLF of its rightful ownership and possession of those funds.

39.    Cattano had no authority to disburse CLF funds above and beyond the mutually
agreed amount of Monthly Draws and Year End Distributions payable to himself.  As a result,
Cattano's exercise of dominion over the CLF funds, as alleged above, was inconsistent with
CLF's ownership of those funds.

40.    Cattano improperly misappropriated and secreted the Baker Fees into a bank
account over which only he has signature authority and control.  In so doing, Cattano improperly
exercised or assumed authority over funds and/or assets belonging to CLF and wrongfully
deprived CLF of its rightful possession of the Baker Fees.  Cattano's exercise of dominion over
the Baker Fees, as alleged above, was inconsistent with CLF's ownership of the Baker Fees.

41.    Upon information and belief, Cattano improperly paid, transferred or otherwise
misappropriated CLF assets, including but not limited to cash, accounts receivable, personal
property, and leasehold interests, to the Cattano Law Group.  Cattano had no authority to pay or
transfer these CLF assets to the Cattano Law Group.  As a result, Cattano's exercise of dominion

over the CLF assets was inconsistent with CLF's ownership of such assets and deprived CLF of

the ownership of those assets.

42.     Bragg, as a CLF shareholder, has demanded that Cattano repay the

Misappropriated Funds to CLF and that CLF take all necessary action to recover the

Misappropriated Funds.  Upon information and belief, Cattano has not repaid the

Misappropriated Funds to CLF, and CLF has taken no action to recover the Misappropriated

Funds.

43.     CLF has been damaged by Cattano's conversion of the Misappropriated Funds,

the Baker Fees, and other CLF assets in an amount to be proven at trial but believed to exceed

$562,000.

WHEREFORE, Plaintiff respectfully prays that this Court enter an Order as follows:

(a)     Requiring that Cattano repay to CLF all damages, including but not limited to all

CLF funds and other CLF assets, including the Baker Fees, determined at trial to have been

unlawfully converted by Cattano;

(b)     Requiring that CLF reimburse Bragg, pursuant to Va. Code § 13.1-672.5, her

reasonable expenses, including attorney's fees, in bringing this derivative action; and

(c)     Granting such further relief as the Court deems appropriate.

## COUNT IV
## BREACH OF CONTRACT
### (By Bragg Individually)

44.     Paragraphs 1 through 43 above are incorporated as if fully set forth herein.

45.     At the time they incorporated CLF, Bragg, Cattano, and CLF agreed that each

would receive equal Monthly Draws and Year End Distributions from CLF.

46.    CLF and Cattano breached this agreement by failing to pay Bragg her Monthly Draw after October 1, 2008.

47.    As a direct result of CLF and Cattano's breach, Bragg has suffered damages in an amount to be proven at trial, but believed to exceed $10,000.

WHEREFORE, Plaintiff respectfully prays that this Court enter an Order as follows:

(a)    Finding CLF in breach of its contract with Bragg and requiring CLF to pay Bragg her unpaid Monthly Draws in an amount to be proven at trial but believed to exceed $10,000, as well as interest at the applicable rate; and

(b)    Granting such further relief as the Court deems appropriate.

## COUNT V
### JUDICIAL DISSOLUTION
### (By Bragg Individually)

48.    Paragraphs 1 through 47 above are incorporated as if fully set forth herein.

49.    The actions of Cattano described above are illegal, oppressive, and fraudulent and have caused assets of CLF to be looted, misapplied and wasted. Such actions constitute grounds for judicial dissolution of CLF under Virginia Code §§13.1-747(A)(1)(b) and 13.1-747(A)(1)(d).

50.    In light of the continuing misconduct of Cattano, the losses that the corporation will continue to suffer as a result of the waste, self-dealing, self-interest and breach of fiduciary duty of Cattano, and the irreparable damage that the corporation and Bragg are suffering, Bragg requests that this Court enjoin and restrain Cattano, pursuant to Virginia Code §13.1-747(E), from further self-dealing and waste, and appoint a receiver, pursuant to Virginia Code § 13.1-748, to perform an accounting and determine the amounts improperly paid by Cattano to himself, members of his family, and others and the amounts properly due to Bragg.

WHEREFORE, Plaintiff respectfully prays that this Court enter an Order that:

(a)     Enjoins and restrains defendants from (1) disbursing the Baker Fees or otherwise taking money from the corporation in excess of the Monthly Draws payable to Cattano until a full hearing can be held; (2) paying any compensation, dividend or other sum to Cattano, or to any member of his family, other than the Monthly Draws payable to Cattano; and (3) further wasting any corporate assets of CLF or otherwise engaging in self-dealing;

(b)     Subsequent to Cattano's repayment to CLF of funds and assets improperly paid, transferred or otherwise misappropriated from CLF by Cattano as requested in the derivative counts above, appoints a Receiver, pursuant to Virginia Code §13.1-748, and empowers such Receiver to (1) determine the amounts that have been paid, and the amounts that were and are properly payable, by the corporation to or on behalf of each of Cattano and Bragg since the inception of CLF and the value of the assets of the corporation, (2) sue and defend in his own name, as a receiver of the corporation, in all Courts of the Commonwealth, including, without limitation, to recover all improper compensation, distributions and other payments to Cattano, members of Cattano's family, and others; (3) order that Bragg's attorneys' fees and expenses incurred in this matter be reimbursed by the corporation to the extent allowed by law; and (4) perform a complete audit and accounting of all books and records of CLF;

(c)     Entering a final order upon the Receiver's report and recommendations and dissolving CLF in accordance with Virginia Code § 13-747(A)(1); and

(d)     Granting such further relief as the Court deems appropriate.

CAROLINE D. BRAGG


By _____
                Of Counsel

Stephen E. Baril (VSB No. 19604)
Bryan D. Wright (VSB No. 43773)
Edward J. Dillon (VSB No. 46804)
WILLIAMS MULLEN
A Professional Corporation
P. O. Box 1320
Richmond, VA  23218-1320
Tel:  804.643.1991
Fax:  804.783.6507

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent

by first-class mail, postage prepaid, on this 17th day of June, 2009:

>Thomas Nolan, Esq.
>Virginia Wills, Trusts & Estates PLC
>215 Wayles Lane Suite 215
>Charlottesville, VA 22911
>>*Counsel for Defendant Cattano Law Firm, P.C.*

>Nancy R. Schlichting, Esq.
>Patrick C. Asplin, Esq.
>Lenhart Obenshain, P.C.
>100 10th Street, N.E., Suite 300
>Charlottesville, VA 22902
>>*Counsel for Defendant John P. Cattano*

VIRGINIA: IN THE CIRCUIT COURT OF THE COUNTY OF ALBEMARLE

CAROLINE D. BRAGG,

               Plaintiff

v.                                    CASE NO. CL08002570-00

CATTANO LAW FIRM, P.C., *et al.*

               Defendants.

### DEMURRER AND ANSWER TO AMENDED COMPLAINT
### AND DEFENDANTS' AMENDED COUNTERCLAIM

### DEMURRER TO AMENDED COMPLAINT

       COME NOW, the defendants, Cattano Law Firm, P.C. (the "Company") and John

P. Cattano ("Cattano"), by counsel, and respectively submit this Demurrer to the

following counts of the Amended Complaint filed by the plaintiff, Caroline D. Bragg:

### COUNT I- WRIT OF MANDAMUS FOR THE INSPECTION AND COPYING OF
### CORPORATE RECORD PURSUANT TO VA. CODE § 13.1-773 AND 773.1

       1.     Count I of the Amended Complaint fails to state a claim for which relief

can be granted on the ground that the Amended Complaint fails to allege that the plaintiff

provided written notice to the Company that complies with the requirements of Va. Code

§ 13.1-771. Specifically, Va. Code § 13.1-771(C)(3) conditions a shareholder's rights of

inspection upon the shareholder providing the corporation with written notice that

describes the shareholder's purpose for inspection with reasonable particularity.  The

Amended Complaint does not allege that the plaintiff made a written demand for records

of the Company which described her purpose in seeking to inspect such records.

Moreover, the plaintiff's written demand of October 7, 2008 (a copy of which is attached

hereto as Exhibit A) fails to state her purpose in seeking to inspect such records.  As a

EXHIBIT

D

result, the plaintiff is not entitled to inspect the accounting records of the Company under Va. Code § 13.1-771 in light of her failure to comply with the statutory requirements.

2.    Count I of the Amended Complaint fails to state a claim for which relief can be granted because the Amended Complaint fails to identify with reasonable particularity the accounting records that plaintiff seeks to inspect as required by Va. Code § 13.1-771(C)(3).  Moreover, the plaintiff's written demand of October 7, 2008 fails to identify accounting records of the Company, and, instead, seeks inspection of numerous records and information to which the plaintiff has no statutory right to inspect under Va. Code § 13.1-771.

3.    Count I of the Amended Complaint fails to state a claim for which relief can be granted on the ground that Va. Code § 13.1-773 does not create a separate cause of action.

## COUNT II- BREACH OF FIDUCIARY DUTY

4.    Count II of the Amended Complaint fails to state a claim for which relief can be granted on the ground that the Amended Complaint fails to allege compliance with Va. Code § 13.1-672.1.  Specifically, the Amended Complaint fails to allege that the Company investigate and pursue a claim for breach of fiduciary duty against Cattano. Moreover, the plaintiff's written demand of March 17, 2009 (a copy of which is attached hereto as Exhibit B) fails to demand that the Company investigate and pursue a claim against Cattano for breach of fiduciary duty.

5.    Count II of the Amended Complaint fails to state a claim for which relief can be granted on the ground that the facts pleaded in the Amended Complaint concern matters of personal interest to the plaintiff, namely, the payment of money from the

2

Company which she claims she is contractually entitled to as an employee or shareholder

of the Company.  The plaintiff's claims involve a dispute between two individuals in a

closely-held corporation.  As the plaintiff's claims are directly adverse to the interests of

the Company and its shareholder, she lacks standing to pursue a derivative claim on

behalf of the Corporation pursuant to Va. Code § 13.1-672.1(A)(4) because she does not

fairly and adequately represent the interests of the Company in enforcing the right of the

Company.

## COUNT III- CONVERSION

6.        Count III of the Amended Complaint fails to state a claim for which relief

can be granted on the ground that the Amended Complaint fails to allege compliance with

Va. Code § 13.1-672.1.  Specifically, the Amended Complaint fails to allege that the

Company investigate and pursue a claim for conversion against Cattano.  Moreover, the

plaintiff's written demand of March 17, 2008 (a copy of which is attached hereto as

Exhibit B) fails to demand that the Company investigate and pursue a claim against

Cattano for conversion.

7.        Count III of the Amended Complaint fails to state a claim for which relief

can be granted on the ground that the facts pleaded in the Amended Complaint concern

matters of personal interest to the plaintiff, namely, the payment of money from the

Company which she claims she is contractually entitled to as an employee or shareholder

of the Company.  The plaintiff's claims involve a dispute between two individuals in a

closely-held corporation.  As the plaintiff's claims are directly adverse to the interests of

the Company, she lacks standing to pursue a derivative claim on behalf of the

3

Corporation pursuant to Va. Code § 13.1-672.1(A)(4) because she does not fairly and adequately represent the interests of the Company in enforcing the right of the Company.

### COUNT IV- BREACH OF CONTRACT

8.     Count IV of the Amended Complaint fails to state a claim for which relief can be granted on the ground that such claim is barred by the Statute of Frauds, Va. Code § 11-2(8) as the plaintiff alleges an oral contract that required payments to be made to her for an indefinite period exceeding a year.

### COUNT V- JUDICIAL DISSOLUTION

9.     Count V of the Amended Complaint fails to state a claim for which relief can be granted on the ground that the Amended Complaint fails to disclose or support a claim for judicial dissolution of the Company pursuant to Va. Code § 13.1-747(A)(1)(b) or § 13.1-747 (A)(1)(d). The Amended Complaint alleges that there was an oral agreement between the plaintiff and Cattano pursuant to which the plaintiff would be paid certain sums in exchange for her employment with the Company, and that the Company allegedly violated this agreement by not paying her the agreed amounts. Such claims sound only in breach of contract and, pursuant to the economic loss rule, are legally insufficient to support a claim for judicial dissolution pursuant to Va. Code § 13.1-747.

WHEREFORE, the defendants, Cattano Law Firm, P.C. and John P. Cattano, respectfully request that the Amended Complaint be dismissed with prejudice for failure to state claims upon which relief can be granted, and that the defendants be awarded their attorney's fees and costs, together with all further relief that this Court deems just and

proper. The defendants' claim for attorney's fees with respect to Counts II and III of the Amended Complaint is made pursuant to Va. Code § 13.1-672.5(2).

## ANSWER TO AMENDED COMPLAINT

Defendants Cattano Law Firm, P.C. and John P. Cattano respectfully submit this Answer to the corresponding paragraphs of the Amended Complaint filed by the plaintiff:

1.      The allegations contained in paragraph 1 of the Amended Complaint are jurisdictional in nature and do not require a response. The defendants deny that the allegations contained in the Amended Complaint are sufficient to invoke the exercise of the Court's powers under (a) Va. Code § 13.1-773 and § 773.1, as alleged in Count I of the Amended Complaint; (b) Va. Code § 13.1-672.1, as alleged in Counts II and III of the Amended Complaint; and (c) Va. Code § 13.747 *et seq.* as alleged in Count V of the Amended Complaint. The defendants admit that venue is proper in this Court.

2.      The defendants incorporate their responses and defenses set forth in their Answer to the Complaint as if fully set forth herein.

3.      It is admitted and averred that the Company was incorporated on August 9, 2007 and that the Company commenced the rendering of professional legal services effective January 1, 2008. The remaining allegations contained in paragraph 3 of the Amended Complaint are denied. It is expressly denied that the plaintiff is, or has ever been, a 50% shareholder of the Company.

4.      The allegations contained in paragraph 4 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that a response is

5

required, it is admitted that Cattano is a director of the Company.  The remaining allegations of paragraph 4 of the Amended Complaint are denied.

5.    The allegations contained in paragraph 5 of the Amended Complaint are denied.

6.    The allegations contained in paragraph 6 of the Amended Complaint are admitted.

7.    It is admitted and averred that (a) the Company engaged solely in the rendering of professional legal services effective as of January 1, 2008; and (b) that Cattano and the plaintiff are attorneys licensed to practice law in the Commonwealth of Virginia. The remaining allegations contained in paragraph 7 of the Amended Complaint are denied.

8.    It is admitted and averred that Cattano had primary oversight and responsibility for bookkeeping and billing matters for the Company. Except as aforesaid, the allegations contained in paragraph 8 of the Amended Complaint are denied.

9.    The allegations contained in paragraph 9 of the Amended Complaint are denied.

10.    The defendants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 10 of the Amended Complaint relating to matters allegedly observed by the plaintiff. The remaining allegations contained in paragraph 10 of the Amended Complaint are denied.

11.    The allegations contained in paragraph 11 of the Amended Complaint are denied.

12.    The allegations contained in paragraph 12 of the Amended Complaint are denied.

13.    It is admitted and averred that Cattano withdrew certain funds from the Company's account at Wachovia Bank, N.A. in light of concerns as to the financial stability of such institution, and Cattano deposited such funds into another bank account of the Company.  The remaining allegations contained in paragraph 13 of the Amended Complaint are denied.

14.    The allegations contained in paragraph 14 of the Amended Complaint are denied.

15.    It is admitted and averred that Cattano and the plaintiff mutually agreed that the plaintiff should terminate her employment with the Company.  Except as aforesaid, the remaining allegations contained in paragraph 15 of the Amended Complaint are denied.

16.    It is admitted and averred that the plaintiff delivered a letter to Cattano, dated October 7, 2008, requesting certain information relating to the Company, a copy of which is attached hereto as Exhibit A.  The remaining allegations contained in paragraph 16 of the Amended Complaint are denied.  It is further denied that paragraph 16 of the Amended Complaint contains an accurate or complete description of the plaintiff's letter dated October 7, 2008.

17.    It is admitted that Cattano, by letter dated October 8, 2008, terminated the plaintiff's employment with the Company and called a special meeting of the shareholders of the Company for October 21, 2008.  Except as aforesaid, the remaining allegations contained in paragraph 17 of the Amended Complaint are denied.  It is further

7

denied that paragraph 17 of the Amended Complaint contains an accurate or complete description of Cattano's letter dated October 8, 2008.

18.    It is admitted that the plaintiff removed her personal belongings from the Company's office on or about October 14, 2008. The remaining allegations contained in paragraph 18 of the Amended Complaint are denied.

19.    It is admitted and averred that at a special meeting of shareholders of the Company held on October 21, 2008, the plaintiff was removed as a director of the Company and Cattano was elected as the sole director of the Company. The remaining allegations contained in paragraph 19 of the Amended Complaint are denied.

20.    It is admitted that the Cattano Law Group, P.C. was incorporated on or about October 29, 2008. The remaining allegations contained in paragraph 20 of the Amended Complaint are denied.

21.    It is admitted that the plaintiff sent Cattano a letter dated March 17, 2009, a copy of which is attached hereto as Exhibit B.    Except as aforesaid, the remaining allegations contained in paragraph 21 of the Amended Complaint are denied. It is further denied that paragraph 21 of the Amended Complaint contains an accurate or complete description of the plaintiff's letter dated March 17, 2009.

22.    It is admitted that more than ninety (90) days has passed since the delivery of the plaintiff's letter attached hereto as Exhibit B.

### COUNT I- WRIT OF MANDAMUS FOR THE INSPECTION AND COPYING OF CORPORATE RECORD PURSUANT TO VA. CODE § 13.1-773 AND 773.1

23.    The defendants incorporate their responses to paragraphs 1-22 of the Amended Complaint set forth above as if such responses were fully set forth herein.

24.    The allegations contained in paragraph 23 of the Amended Complaint are denied.  It is further denied that the plaintiff is a shareholder or director of the Company and is entitled to exercise any of the rights set forth in Va. Code § 13.1-773 and § 773.1.

25.    It is admitted and averred that the plaintiff delivered a letter to Cattano, dated October 7, 2008, requesting certain information relating to the Company, a copy of which is attached hereto as Exhibit A.  The remaining allegations contained in paragraph 25 of the Amended Complaint are denied.  It is further denied that paragraph 25 of the Amended Complaint contains an accurate or complete description of the plaintiff's letter dated October 7, 2008.

26.    The first sentence of paragraph 26 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, it is admitted that Va. Code § 13.1770(B) states that a corporation shall maintain appropriate accounting records.  The remaining allegations of paragraph 26 of the Amended Complaint are denied.  It is expressly denied that the Company is required to maintain the records described in the letter from the plaintiff which is attached hereto as Exhibit A and/or to produce such records to the plaintiff pursuant to Va. Code § 13.1-773 and Va. Code § 13.1-773.1.

27.    It is admitted and averred that the plaintiff delivered a letter to Cattano, dated March 17, 2009, a copy of which is attached hereto as Exhibit B.  The remaining allegations contained in paragraph 27 of the Amended Complaint are denied.

28.    Paragraph 28 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, the allegations contained in paragraph 28 of the Amended Complaint are denied. It is further denied that

9

the Plaintiff is entitled to any of the relief requested in the prayer for relief to Count I of
the Amended Complaint, or to any other relief.

## COUNT II- BREACH OF FIDUCIARY DUTY

29.    The defendants incorporate their responses to paragraphs 1-28 of the
Amended Complaint set forth above as if such responses were fully set forth herein.

30.    The allegations contained in paragraph 30 of the Amended Complaint are
denied.

31.    The allegations contained in paragraph 31 of the Amended Complaint
state a legal conclusion to which no response is required.  To the extent that a response is
required, it is admitted that Cattano is a director of the Company.  The remaining
allegations of paragraph 31 of the Amended Complaint are denied.

32.    The allegations contained in paragraph 32 of the Amended Complaint are
denied.

33.    The allegations contained in paragraph 33 of the Amended Complaint are
denied.

34.    The allegations contained in paragraph 34 of the Amended Complaint are
denied.

35.    The allegations contained in paragraph 35 of the Amended Complaint are
denied.  It is further denied that the plaintiff is entitled to any of the relief requested in the
prayer for relief to Count II of the Amended Complaint, or to any other relief.

## COUNT III- CONVERSION

36.    The defendants incorporate their responses to paragraphs 1-35 of the
Amended Complaint set forth above as if such responses were fully set forth herein.

10

37.    The allegations contained in paragraph 37 of the Amended Complaint are denied.

38.    The allegations contained in paragraph 38 of the Amended Complaint are denied.

39.    The allegations contained in paragraph 39 of the Amended Complaint are denied.

40.    The allegations contained in paragraph 40 of the Amended Complaint are denied.

41.    The allegations contained in paragraph 41 of the Amended Complaint are denied.

42.    It is admitted and averred that the plaintiff sent Cattano a letter dated March 17, 2009, a copy of which is attached hereto as Exhibit B. The remaining allegations contained in paragraph 42 of the Amended Complaint are denied. It is further denied that paragraph 42 of the Amended Complaint contains an accurate or complete description of plaintiff's letter dated March 17, 2009.

43.    The allegations contained in paragraph 43 of the Amended Complaint are denied. It is further denied that the plaintiff is entitled to any of the relief requested in the prayer for relief to Count III of the Amended Complaint, or to any other relief.

## COUNT IV- BREACH OF CONTRACT

44.    The defendants incorporate their responses to paragraphs 1-43 of the Amended Complaint set forth above as if such responses were fully set forth herein.

45.    The allegations contained in paragraph 45 of the Amended Complaint are denied.

46.    It is admitted and averred that the Company has not paid the plaintiff any salary on and after October 1, 2008 on the ground that the plaintiff performed no services, and/or or failed to performed any services, as an employee of the Company on and after such date.    The remaining allegations contained in paragraph 46 of the Amended Complaint are denied.

47.    The allegations contained in paragraph 47 of the Amended Complaint are denied.  It is further denied that the plaintiff is entitled to any of the relief requested in the prayer for relief to Count IV of the Amended Complaint, or to any other relief.

### COUNT V- JUDICIAL DISSOLUTION

48.    The defendants incorporate their responses to paragraphs 1-47 of the Amended Complaint set forth above as if such responses were fully set forth herein.

49.    The allegations contained in paragraph 49 of the Amended Complaint are denied.

50.    The allegations contained in paragraph 50 of the Amended Complaint are denied.  It is further denied that the plaintiff is entitled to any of the relief requested in paragraph 50 of the Amended Complaint and the prayer for relief to Count V of the Amended Complaint, or to any other relief.

51.    It is further denied that the plaintiff is entitled to any of the relief requested in the Amended Complaint or to any relief.

52.    The defendants deny any allegations not previously admitted or denied herein.

12

### AFFIRMATIVE AND OTHER DEFENSES

1.    While denying their liability, the defendants assert that the plaintiff is barred from pursuing a claim pursuant to Va. Code § 13.1-773 by her failure to comply with the statutory requirements of Va. Code § 13.1-771.

2.    While denying their liability, the defendants deny that the plaintiff is barred from pursuing any derivative claims on behalf of the Company by her failure to comply with the statutory requirements of Va. Code § 13.1-672.1.

3.    While denying their liability, the defendants assert that the plaintiff's claim for breach of contract is barred by the Statute of Frauds, Va. Code § 11-2(8).

4.    While denying their liability, the defendants assert that the plaintiff is not a shareholder of the Company and has no standing to pursue the claims asserted in Counts I, II, III, and V of the Amended Complaint.

5.    While denying their liability, the defendants assert that the plaintiff's claims are barred by her prior material breach of contract.

6.    While denying their liability, the defendants assert, upon information and belief, that the plaintiff's claims are barred by her deliberate spoliation of potentially pertinent and relevant information and evidence relevant to the claims she asserts.

7.    While denying their liability, the defendants assert that the plaintiff's claims are barred by the doctrine of estoppel.

8.    While denying their liability, the defendants assert that the plaintiff's claims are barred by the economic loss rule.

13

9.   While denying his liability, Cattano asserts that all action he took on behalf of the Company was taken in compliance with the business judgment statute set forth in Va. Code § 13.1-690.

10.   While denying their liability, the defendants deny that the plaintiff is entitled to any damages, including attorney's fees.

11.   While denying their liability, the defendants assert that if any damages are awarded to the plaintiff, there should be a set-off against such damages in an amount equal to all damages proved by the defendants in connection with the claims asserted in their Amended Counterclaim.

12.   The defendants intend to rely at trial upon all properly provable defenses, and reserve the right to assert additional defenses as may be appropriate following discovery and further proceedings.

WHEREFORE, the defendants, Cattano Law Firm, P.C. and John P. Cattano, deny that the plaintiff is entitled to any of the relief requested in her Amended Complaint, or to any other relief, and respectfully pray that judgment be entered for the defendants, and that the defendants be awarded all other relief that the Court deems just and proper, including all costs, expenses, and attorney's fees. The defendants' claim for attorney's fees with respect to Counts II and III of the Amended Complaint is made pursuant to Va. Code § 13.1-672.5(2).

### DEFENDANTS' AMENDED COUNTERCLAIM

COME NOW, John P. Cattano ("Cattano") and Cattano Law Firm. P.C. (the "Company"), by counsel and pursuant to Rule 3:9 of the Rules of the Supreme Court of

14

Virginia, and submit this Amended Counterclaim against the plaintiff, Caroline D. Bragg, and state as follows:

1.    Cattano has practiced as a licensed attorney in Florida and Virginia since 1983.

2.    In or about August of 1994, Cattano commenced the practice of law as a sole practitioner from offices located in Charlottesville, Virginia. Cattano's practice was initially named "Cattano Law Offices," which name was subsequently changed to "Cattano Law Firm."

3.    For approximately the past fifteen (15) years, Cattano has established and maintained a thriving and successful law practice based on his professional reputation and his base of clients and referral sources.

4.    In or about February of 2005, Cattano hired the plaintiff as an associate. At the time of her hiring, the plaintiff had little prior legal experience in any area of law in which Cattano practices.

5.    During her employment with the Cattano Law Firm, Cattano aided in the professional development of the plaintiff and exposed the plaintiff to his cases, clients and referral sources.

6.    In or about July 2007, Cattano and the plaintiff engaged in preliminary discussions concerning the promotion of the plaintiff from an associate to a partner of Cattano Law Firm.    Such discussions included matters relating to the plaintiff's ownership percentage, management rights, her "buy-in" amounts and compensation.

7.    Although Cattano and the plaintiff agreed to form a separate corporation named "Cattano Law Firm, P.C." (the "Company") and that the plaintiff would be paid a

15

base annual salary of $125,000, the parties did not reach agreement as to (a) the plaintiff's share ownership of the Company; (b) the plaintiff's right to receive any distributions or monetary compensation from the Corporation in addition to her base annual salary; and (c) the plaintiff's rights as an officer of the Company or rights to participate in the management of the Company.

8.    Upon the formation of the Company, Cattano contributed all of the capital of the Company, including all of his clients and referral sources.

9.    As set forth in her Amended Complaint, the plaintiff alleges that she is a fifty percent (50%) shareholder of the Company, is an officer of the Company and is entitled to fifty percent (50%) of the assets of the Company.

10.   In connection with her employment with the Company, the plaintiff was provided a laptop computer (the "Laptop Computer") and a desktop computer (the "Desktop Computer"), which Desktop Computer was located at the Company's principal office (the "Office").

11.   Prior to the removal of her personal belongings from the Office on October 14, 2008, Cattano requested that the plaintiff return the Laptop Computer to the Company.

12.   On or about October 14, 2008, the plaintiff removed her personal belongings from the Office. In addition to hiding artwork that belonged to Cattano and the Company, the plaintiff removed two pieces of artwork owned by Cattano, which the plaintiff knew had special meaning to Cattano.

13.    Upon information and belief, the plaintiff also removed files and documents of the Company, including the plaintiff's personnel file and a file relating to real estate matters.

14.    The plaintiff failed to return the Laptop Computer to the Company on October 14, 2008.  The plaintiff deposited the Laptop Computer with a courier on October 17, 2008 for delivery to Cattano's counsel on October 20, 2008.

15.    Upon information and belief, the plaintiff knowingly and deliberately erased all documents, files and information stored on the Laptop Computer prior to returning it to the Company, including, upon information and belief, documents, files and information relating to this action and the business and clients of the Company.

16.    Upon information and belief, on or before October 14, 2008, the plaintiff also knowingly and deliberately erased all documents, files and information stored on the Desktop Computer, including, upon information and belief, documents, files and information relating to this action and the business and clients of the Company.

17.    Despite requests, the plaintiff failed to provide Cattano or the Company with timesheets for work performed by the plaintiff for the period September 10, 2008 to October 8, 2008.  Upon information and belief, prior to the termination of her employment with the Company, the plaintiff performed legal services while employed by the Company and failed to account to the Company for revenues received from such services.

## COUNT I- DECLARATORY JUDGMENT

18.    The defendants incorporate the allegations contained in paragraphs 1-17 above as if fully set forth herein.

17

19.    There was no valid agreement or "meeting of the minds" between Cattano and the plaintiff concerning her share ownership of the Company.  Accordingly, the plaintiff is not a shareholder of the Company.

20.    There is an actual controversy between Cattano and the plaintiff concerning whether the plaintiff is a shareholder of the Company, and, if so, the extent of her share ownership of the Company.

21.    To the extent that the plaintiff establishes that she is a shareholder of the Company, there is an actual controversy between the plaintiff and Cattano as to the amount or extent of the respective capital contributions made to the Company by the plaintiff and Cattano and the rights of each party to a return of such capital.

22.    As a result of the actual controversies between the parties, this Court has power pursuant to Va. Code § 8.01-184 to make final and binding determinations as to (a) whether the plaintiff is a shareholder of the Company; (b) if it is determined that the plaintiff is a shareholder of the Company, the number or percentage of shares of the Company that are owned by the plaintiff; (c) if it is determined that the plaintiff is a shareholder of the Company, the amount of the respective capital contributions of the plaintiff and Cattano to the Company; and (d) the rights of the plaintiff and Cattano to the return of their respective capital contributions to the Company.

WHEREFORE, the defendants move this Court to enter an Order:

a.     declaring that the plaintiff is not a shareholder of Cattano Law Firm, P.C.;

b.     dismissing Counts I, II, III and IV of the Amended Complaint on the ground that the plaintiff lacks standing to pursue such claims;

18

c.    alternatively, if the Court determines that the plaintiff is a shareholder of the Company, determining the respective capital contributions to the Company by the plaintiff and Cattano, and declaring that Cattano is entitled to a return of all of the assets of the Company that were contributed by Cattano upon the formation of the company

d.    granting the defendants such further relief as the Court deems just and proper.

## COUNT II- CONVERSION

23.    The defendants incorporate the allegations contained in paragraphs 1-17 above as if fully set forth herein.

24.    By unlawfully removing, misappropriating and diverting artwork from the Office that belongs to Cattano, the plaintiff has exercised dominion and control over property that belongs to Cattano.

25.    By unlawfully removing, misappropriating and diverting documents and files from the Office that belong to the Company, the plaintiff has exercised dominion and control over property that belongs to the Company.

26.    By unlawfully removing and deleting documents, information and files from the Laptop Computer and the Desktop Computer, the plaintiff has exercised dominion and control over property that belongs to Company, and/or has acted in manner that is inconsistent with the Company's ownership of such documents, information and files so as to deprive the Company from the possession and use thereof.

27.    By failing to provide timesheets to the Company for legal services performed by the plaintiff from the period September 10, 2008 to October 8, 2008, the

19

plaintiff has deprived the Company from the ability to bill fees for such legal services, thereby depriving the Company of property that belongs to Company.

28.    By failing to account for fees received from legal services performed by the plaintiff while employed by the Company, the plaintiff has exercised dominion and control over property that belongs to Company.

29.    The actions of the plaintiff as described above were committed with actual malice, evil motive and with the intent to injure and harm Cattano and the Company.

30.    The actions of the plaintiff, as described above, have caused Cattano and the Company loss and damage.

WHEREFORE, the defendants are entitled to (a) an award of compensatory damages in an amount to be determined at trial, but not less than $50,000; (b) an award of punitive damages in an amount to be determined at trial, but not less than $100,000; and (c) all other appropriate legal and equitable relief.

## COUNT II- BREACH OF FIDUCIARY DUTY

31,    The Company incorporates the allegations contained in paragraphs 1-17 above as if fully set forth herein.

32.    If the plaintiff establishes that she was and/or is a director and/or officer of the Company at any time, she owed fiduciary duties to the Company, including the duty of care and loyalty, to act in accordance with his good faith business judgment of the best interests of the Company.

33.    The plaintiff breached her fiduciary duties to the Company by:

20

a.      removing files and documents of the Company from the Office, including the plaintiff's personnel file and a file relating to real estate matters, and refusing to return such files and documents to the Company;

b.      upon information and belief, knowingly and deliberately erasing all documents, files and information stored on the Laptop Computer prior to returning it to the Company, including, upon information and belief, documents, files and information relating to this action and the business and clients of the Company;

c.      upon information and belief, knowingly and deliberately erasing all documents, files and information stored on the Desktop Computer, including, upon information and belief, documents, files and information relating to this action and the business and clients of the Company;

d.      failing to provide the Company with timesheets for work performed by the plaintiff for the period September 10, 2008 to October 8, 2008; and

e.      upon information and belief, prior to the termination of her employment with the Company, performing legal services while employed by the Company and failing to account to the Company for revenues received from such services.

34.     The actions of the plaintiff, as described above, have caused the Company loss and damage.

WHEREFORE, the Company is entitled to (a) an award of compensatory damages in an amount to be determined at trial, but not less than $50,000; (b) an award of punitive damages in an amount to be determined at trial, but not less than $100,000; and (c) all other appropriate legal and equitable relief.

Respectfully submitted this 22nd day of July 2009.

CATTANO LAW FIRM, P.C.

JOHN P. CATTANO

By Counsel

PATRICK C. ASPLIN (VSB #46620)
NANCY R. SCHLICHTING (VSB #65909)
Of Lenhart Obenshain PC
100 10th Street N.E., Suite 300
Charlottesville, Virginia 22902
(434) 220-6100
(434) 220-6012 (Fax)
Counsel for Defendant John P. Cattano


THOMAS NOLAN (VSB #25542)
Virginia Wills, Trusts & Estates PLC
215 Wayles Lane Suite 125
Charlottesville, Virginia 22911
434-817-4001
434-817-4004 (Fax)
Counsel for Defendant Cattano Law Firm, P.C.


LO.217360.DOC

22

## CERTIFICATE

I hereby certify that a true copy of the foregoing Demurrer and Answer to Amended Complaint and Defendants' Amended Counterclaim was faxed and mailed this 22nd day of July 2009 to:

> Stephen E. Baril, Esquire
> Edward J. Dillon, Esquire
> Bryan D. Wright, Esquire
> Williams Mullen, a Professional Corporation
> P.O. Box 1320
> Richmond, VA 23218
> Counsel for plaintiff

Counsel for Defendant John P. Cattano

23



### CATTANO LAW FIRM P.C.
*One Boar's Head Lane*
*Charlottesville, VA 22903*
*434-984-5550 v*
*434-984-5055 f*

JOHN P. CATTANO
CAROLINE D. BRAGG
CHRISTOPHER L. SMITH

October 7, 2008

VIA HAND DELIVERY
John P. Cattano
1 Boar's Head Lane
Charlottesville, VA 22903

    RE:   CATTANO LAW FIRM P.C.

Dear John:

    I am hereby requesting that you make the following documents, records, and other materials relating or pertaining to Cattano Law Firm P.C. (the "firm") available for my inspection and copying at 1 Boar's Head Lane, Charlottesville, VA, on Friday, October 10, 2008, at 10:00 a.m.:

1.    Complete corporate records and books including, but not limited to:
    a.  All checkbooks; check stubs; cancelled checks; deposit slips and receipts; etc. relating to and arising from any and all checking, savings, and/or money market accounts for the period August 1, 2007, to date;
    b.  All debt instruments of any kind entered into or endorsed on behalf of the firm between August 1, 2007, to date;
    c.  All letters of credit; and
    d.  All obligations owed by or otherwise the responsibility of the firm at any time between August 1, 2007, to date.

2.    A complete list of all accounts receivable for the period August 1, 2007, to date;

3.    A complete list of all accounts payable for the period August 1, 2007, to date;

4.    A complete list of all work in progress for the period August 1, 2007, to date;

5.    A complete list of all payments received from State Farm (any entity) and USAA for the period August 1, 2007, to date;

**EXHIBIT**

E

John P. Cattano
Page 2 of 2
October 8, 2008

6.   A complete list of all personal injury cases in which the firm
     represents(ed) one or more of the plaintiffs between August 1, 2007,
     to date; and

7.   A complete list of all cases and/or clients represented by the firm
     between August 1, 2007, to date.

If any of these documents are not available in document format, please
provide them to me electronically or on a compact disc.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Caroline D. Bragg

Caroline D. Bragg

CATTANO LAW FIRM, P.C.
*One Boar's Head Lane*
*Charlottesville, VA  22903*
*434-984-5550 v*
*434-984-5055 f*

JOHN P. CATTANO
CAROLINE D. BRAGG
CHRISTOPHER L. SMITH

October 8, 2008

BY HAND DELIVERY

Caroline D. Bragg, Esquire
One Boar's Head Lane
Charlottesville, VA  22903

Re:   Termination of Employment with Cattano Law Firm, P.C.

Dear Caroline:

It has become clear that your dissatisfaction with your compensation and your claims regarding share ownership of Cattano Law Firm, P.C. (the "Company") are having a negative effect on the Company and its ability to conduct business and properly serve its clients. Accordingly, in my capacity as President of the Company, I have determined that it is in the best interests of the Company to immediately terminate your employment. Accordingly, your employment with the Company is terminated effective as of October 8, 2008.

As severance, the Company will continue to pay your annual base salary of $125,000 through October 31, 2008. Accordingly, on October 31, 2008, the Company will send you a final paycheck in the amount of $10,416.66 less standard withholdings. The Company will reimburse you for any un-reimbursed Company expenses that you have reasonably incurred through the date of termination of your employment if you provide with me appropriate receipts prior to October 31, 2008. The Company will also continue to provide all existing benefits to you through October 31, 2008. However, after such date, you will be responsible for procuring and paying for alternative benefits, including health insurance coverage.

Please contact me to arrange a time for the collection of your personal belongings from the Company's office and for the return of your office keys and any work files or materials that may be in your possession. If there are any client files that you wish to have transferred to you or another law firm, the Company will transfer such files in accordance with a client's written instructions.



EXHIBIT

F

BRAGG0067

Case 12-62294    Doc 62    Filed 01/25/13    Entered 01/25/13 11:00:24    Desc Main
Document      Page 74 of 76

October 8, 2008
Page 2

In my capacity as President of the Company, I am calling a special meeting of the shareholders of the Company to vote on your removal as a director of the Company. While I disagree with your position, I understand that you believe that you are currently a shareholder of the Company. Accordingly, and without prejudice to my position regarding your status as a shareholder of the Company and any rights of the Company, I have enclosed a Notice of Special Meeting of the Shareholders of the Corporation to be held at 9:00 a.m. on Tuesday, October 21, 2008 at the offices of Lenhart Obenshain PC, 100 10th Street N.E., Suite 300, Charlottesville, Virginia 22902. You are welcome to attend this meeting.

Finally, with respect to your letter of October 7, 2008, I have previously provided you with all pertinent financial information relating to the Company. Your requests are duplicative and unreasonable and will only further disrupt the Company's practice. Accordingly, I will not make such documents available for inspection as requested.

I thank you for your service as an employee of the Company, and I wish you the best in your future legal career.

Sincerely,

John P. Cattano
President, Cattano Law Firm P.C.

BRAGG0068

## CATTANO LAW FIRM, P.C.

### NOTICE OF SPECIAL MEETING OF SHAREHOLDERS

NOTICE IS HEREBY GIVEN pursuant to Section 13.1-658 of the Virginia Stock Corporation Act and Section 4 of Article II of the Bylaws of Cattano Law Firm, P.C. (the "Corporation") that the President of the Corporation has called for a Special Meeting (the "Special Meeting") of the holders of capital stock of the Corporation (the "Shareholders") to be held at the offices of Lenhart Obenshain PC at 100 10th Street N.E., suite 300, Charlottesville, Virginia 22902 at 9:00 a.m. EST on Tuesday, October 21, 2008 for the following purposes:

    1.    For the Shareholders to vote to remove Caroline D. Bragg as a director of the Corporation.

    2.    For the Shareholders to vote to elect John P. Cattano to serve as the sole director of the Corporation.

No other matters shall be considered, discussed or voted upon by the Shareholders at the Special Meeting.

The Board of Directors has fixed October 7, 2008 at the close of business as the record date for the determination of Shareholders entitled to notice of and to vote at the Special Meeting or at any adjournment thereof.

John P. Cattano, President

Dated: October 8, 2008

BRAGG0069

Instruction No. 29

Conversion is the ~~improper~~ WRONGFUL taking of the personal property or assets of another, including

a corporation, in such a way as to deprive the owner of the property of possession of the

property. The types personal property that can be converted include cash, goods, and things.

Damages on a claim for conversion are measured by the value of the property that has

been converted at the time of the conversion.



EXHIBIT

G

P7